IN RE THE MARRIAGE OF GLORIA JEAN JORGENSEN, PETI-
TIONER, AND ROBERT F. JORGENSEN, JR., RESPONDENT.

No. 14180.
Submitted on Briefs Sept. 20, 1978.
Decided Feb. 5, 1979.
590 P.2d 606.

Dola Wilson, Jr., Great Falls, for petitioner.

Jardine, Stephenson, Blewett & Weaver, Great Falls, for respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

This is an appeal from the judgment of the District Court, Cascade County, Honorable Peter G. Meloy presiding, dated October 5, 1977, distributing the marital estate and fixing maintenance and support payments. Wife, Gloria Jean Jorgensen is appellant. No appeal is taken by either party from the decree of dissolution entered December 16, 1976, to be effective as of November 4, 1976. We decide the matter on briefs without oral argument.

On October 19, 1976, appellant filed an amended petition for dissolution of her marriage to husband Robert F. Jorgensen, Jr. At the time of filing such amended petition, wife was age 32 and the

husband age 38. Her occupation was that of a housewife, his as a self-employed businessman in Great Falls. The parties intermarried at Great Falls on November 27, 1965.

One child was born during the marriage, Eric Robert Jorgensen, age 9 at the time of the filing of the petition. The boy was born with some congenital deficiencies, not necessary to be outlined here, but which are grave enough to require daily parental supervision and help, although he is able as he grows older to become more and more self-sufficient.

The principal business activity of the husband relates to being part owner and an executive of Great Falls Coca Cola Bottling Company, a family-owned corporation, founded and continued by his grandfather and father.

Following a trial before the court without a jury, the court divided the marital estate of the parties in accordance with its findings of fact and conclusions entered on September 27, 1977. The distribution of the marital estate may be summarized as follows:

### DIVISION OF MARITAL ASSETS BY COURT

**OWNERSHIP BEFORE MARRIAGE:**

| Item | Distributed to husband | Distributed to wife |
|------|------------------------|---------------------|
| 450 shares Great Falls Coca Cola Bottling Co. ($750/share) | $540,000.00 | |
| 300 shares Montana Power Co. (Common stock) | 7,025.00 | |

**GIFTS DURING MARRIAGE:**

| Item | Distributed to husband | Distributed to wife |
|------|------------------------|---------------------|
| 500 shares Coca Cola Co., Altanta Georgia | $ 50,500.00 | |
| Half interest Block 32, Township 23, Great Falls | 12,000.00 | |

**ACQUIRED DURING MARRIAGE:**

| Item | Distributed to husband | Distributed to wife |
|------|------------------------|---------------------|
| Family residence (joint tenancy, value $45,500.00—$71,416.00 mortgage | $ 19,042.00 | $19,042.00 |
| Summer home, third interest ($16,000—$7,332.16) | 8,667.84 | |
| 22.12 shares First Westside National Bank (restricted in sale) | $ 5,764.09 | |
| 70 shares Imperial Investment Management Co. | $ 865.20 | |
| Insurance policies (cash surrender value) | $ 6,638.66 | |

| | | |
|---|---:|---:|
| Savings | $ 15,936.37 | $15,000.00 |
| Bank accounts ($4,04; $714.06; $2,932.61 and $861.97 | $ 4,512.68 | |
| Profit savings plan, Great Falls Coca Cola Bottling Co. (vested interest) (restricted) | $ 9,250.00 | |
| 30 shares Great Falls Coca Cola Bottling Co. (gift) | $ 11,500.00 | |
| 30 shares Great Falls Coca Cola Bottling Co. (gift) | | $22,500.00 |
| 1972 Impala automobile | | $ 1,625.00 |
| Award to wife by court (cash) | | $25,000.00 |
| Total | $ 93,176.84 | $83,167.00 |
| GRAND TOTAL | $692,701.84 | $83,167.00 |

*House payment $137.00/month

The court made findings which show the 450 shares of stock in Great Falls Coca Cola Bottling Company, acquired before the marriage, were a gift to the husband from his father. The District Court also found that the Montana Power Company stock had been acquired by the husband prior to his marriage.

During his marriage, husband had received as a gift from his parents 500 shares of stock issued by the Coca Cola Company of Atlanta, Georgia, and a one-half interest in unimproved lots located in Township 23, Great Falls Montana.

The parties lived together since November 27, 1965 (the date of their marriage) to March 4, 1976. During that time wife performed the normal duties of a homemaker and housewife, and whatever duties were required because of Eric's medical problem. The Court found specifically that the wife had not contributed financially to any of the assets owned by respondent acquired before the marriage, and that her contributions as a homemaker had not facilitated the maintenance of the property so acquired by the husband.

In addition to the gifts of shares of stock in Great Falls Coca Cola Bottling Company made by husband's parents to him as above set forth, during the marriage, the parents also gave 30 shares of stock each to the wife, the husband and the minor child. The husband is the custodian of the shares given to Eric and will remain so until Eric attains majority. Thus husband has a right to vote Eric's

shares at any corporation meeting. In practical effect this means that the right to vote 510 shares gives husband voting control of the family corporation. The wife's 30 shares are not included in that computation.

There was substantial difference in the testimony adduced at the trial as to the value of certain of the foregoing assets. This is true especially of the stock of Great Falls Coca Cola Bottling Company, and of the one-half interest in the unimproved Great Falls lots. The value of the other items is stipulated to, or there was no controverting evidence.

The first contention of appellant wife is the District Court abused its discretion in the division of the marital property. She contends the District Court erred: (1) holding that the property acquired by the husband before the marriage shall not be considered for division except for any increase or decrease in value which has occured by a direct contribution in services or value by the wife; (2) in considering the valuation of the Great Falls Coca Cola Bottling Company stock, restrictive agreements between a stockholders and in discounting the value because of a minority interest; and, (3) in rulings admitting or denying evidence relative to the value of the stock and unimproved lots.

Section 48-321, R.C.M. 1947, now section 40-4-202 MCA, is the statute that controls District Courts in disposing of marital estates between the parties. In all cases it requires an equitable apportionment irrespective of fault and regardless of where the title may lie. This statute also provides that with respect to property acquired by gift, or acquired prior to marriage, or acquired in exchange for property acquired prior to marriage, the court:

". . . shall consider those contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker; the extent of which such contribution have facilitated the maintenance of this property and whether or not the property disposition serves as an alternative to maintenance arrangements . . ." Section 48-321, now section 40-4-202 MCA.

As to the gifted property and the property acquired by the

husband prior to the marriage, the District Court followed the mandate of section 48-321 above quoted. It specifically found the wife had not contributed financially to any of these assets and further that her contribution as a homemaker had not facilitated the maintenance of that property. It found the increase in the values of these properties was the result of inflation. That finding may not be disturbed by us unless erroneous (Rule 52(a), Mont.R.Civ..P.) and the evidence here supports it. The rule in Montana for our review of property divisions in marital cases is whether the District Court acted arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances. *Zell v. Zell* (1977), 174 Mont. 216, 570 P.2d 33, 35.

Section 48-321 is flexible and it vests a good deal of discretion in the District Court. It is intended to fit the almost infinite variety of circumstances that might face a District Court when it proceeds to divide marital property. We have stated even before the adoption of the statute that each case must be looked at individually, with an eye to its unique circumstances. *Cook v. Cook* (1972, 159 Mont. 98, 495 P.2d 591, 594.

Thus prior acquired property and gifted property may be considered as part of the marital assets for division, but only after the court has considered the contributions of the other spouse, including the nonmonetary contribution of a homemaker. If those contributions, including contributions of a homemaker, have facilitated maintenance of the property, the court in its discretion, may include such marital assets for division. Here the court specifically found to the contrary. Although the result leaves the husband relatively wealthy as compared to the wife, it must be admitted that he would have enjoyed that situation whether nor not his marriage had occurred.

This is not to say that the total assets of a spouse, including prior acquired property and gifted property may not be considered by the court in deciding maintenance and child support. Indeed, in those questions, the statutes require consideration of such assets. Section 48-322(2)(f); 48-323(5), R.C.M.1947, now sections 40-4-204 MCA.

■ As an additional argument under this issue, the wife contends that the District Court should not have considered a restrictive agreement between stockholders nor any value discount by reason of a minority interest in the Great Falls Coca Cola Bottling Company. On this point evidence shows that on June 18, 1973, all of the stockholders of the company entered into a written agreement whereby the price of each share of stock was fixed at $750.00 and the sale of such shares was restricted to the remaining shareholders or to the company. The District Court apparently adopted the valuation of shares fixed by the shareholders. The agreement also provided that the fixed price could be revised by the shareholders in a written amendment but this had never been done.

Additionally, with regard to this contention, there was evidence adduced that for market value purposes it is proper to discount the value per share of stock held by a minority interest holder in closely held corporations because of the lack of ability of such minority holder to control salaries, dividends, distribution of profits and the day-to-day operations of the company.

Appellant produced an expert whose valuation, from a number of approaches, would assign a value to each share of stock in a range between $600.00 per share to $1,300.00 per share. There was evidence of a third-party offer in 1976 to purchase the company at the rate of $600.00 per share.

In considering the range of values which the evidence offered, it is apparent the District Court did not abuse its discretion in fixing the value of the shares at $750.00 the amount decided upon by all the shareholders. This is especially applicable in view of the fact that any shareholder wishing to transfer the same is presently bound by the terms of the agreement. As long as the agreement is operative no shareholder can go upon the market and obtain more for his shares. Each shareholder is restricted to the price and to the purchasers set forth in the agreement.

In any event, the value assigned by the court to the shares of Great Falls Coca Cola Bottling Company does not affect the wife, unless she may wish to sell, instead of hold her 30 shares of stock.

The 450 shares owned by the husband prior to the marriage is not to be distributed as a part of the marital estate. The 30 shares which the court awarded to her as part of her distribution is equalled by the 30 shares awarded to the husband as part of the same distribution. Therefore, their values counterbalance.

The remaining contention of the appellant wife on the issue of the division of marital property relates to rulings made by the court in admitting and denying evidence. These rulings chiefly concern wife's offered evidence of experts as to discounting minority stock interests and the possible value of the Great Falls Coca Cola Bottling Company as a whole or a 51% control, thereof on the market. Since it appears to us that the court in any event fairly determined the market value of the shares of stock, we do not find that the rulings of the court in these particulars have prejudiced the wife. Other parts of the offered evidence related to the value of the unimproved lots, but again, since these are distributed to the husband, and not considered by the court to be a part of the marital assets, the disputed value has no real effect on what the wife is entitled to receive in a proper division.

In the overview, the amount awarded by the District Court to the wife as her share of the marital assets is in the minimum range, yet it must be admitted that a District Court in the exercise of its discretion may make awards even in the minimum range. Our appellate power to disturb such awards arises only when the award is clearly erroneous. We do not find it so here.

The second general issue raised by appellant is that the court abused its discretion in setting its maintenance award for the spouse, and the amount for child support for the minor son.

The District Court awarded the general custody of Eric to wife and decreed that the husband should pay to wife $200.00 per month for Eric's support. In addition, the District Court awarded the sum of $350.00 monthly to the wife as maintenance. The court further provided that the plaintiff and Eric should have the right to live in the family residence, and that the husband should make the house payments and provide maintenance, tax payments and insur-

ance payments on the residence, all of which payments were to be treated as support not only for Eric but for the wife in equal amounts. All hospital, dental and medical expenses for Eric, health insurance and tutoring, skating, swimming and music lessons and, if necessary, the expense of private schooling for Eric were further to be borne by the husband.

Factors considered by the court, and set forth in its findings, included the fact that the parties had established a standard of living while they were together, involving monthly family expenditures of $1,200.00. After their separation in March 1976, husband had incurred his own living expenses and had also paid toward the petitioner and his son amounts exceeding 50% of the family expenditures. The court found that the wife and Eric had managed satisfactorily under the temporary arrangement laid down by the District Court during the pendency of the action and found "no reason to now change those provisions" from the evidence. It found the wife had an ability to work and contribute to her own maintenance. It is apparent from the tenor of the findings that the court regarded the maintenance award to the wife as rehabilitative and not permanent, for the maintenance was ordered to terminate when Eric reached majority or the wife remarried, whichever came first.

Appellant wife contends in connection with the maintenance award that the court should not have considered an "average income" of the husband, and should have considered the retained earnings in Great Falls Coca Cola Bottling Company and the fact that husband was in effect the controlling stockholder in that company. The court stated that it had considered the length of the marriage (ten years), the age, health status, occupation, amount of and source of income, vocational skills, employment ability, estate, liabilities, and needs of the parties.

The District Court found that over the course of the marriage, from 1966 to 1976, the husband had income averaging $17,000.00 per year beginning with $11,568.00 in 1966 and ending with $39,000.00 in 1976, for which in 1976, husband was liable for $9,491.00 in federal income tax.

We must agree with appellant wife that average income has little meaning here, where it is not shown that the income is fluctuating up and down over the course of the marriage, and where as here there has been a constantly rising increase in the monies earned by the husband from year to year. What is important as far as the maintenance award is concerned is the amount of income available to the spouse to make the maintenance payments at the time required to be made. The pertinent finding of the District Court is that the husband was earning $39,000.00 in salary and other income in 1976, subject to certain federal income taxes. Since the court did find the amount of income available to make maintenance payments, the finding of the "average income" was technical only and not prejudicial.

The court did not consider in its findings the testimony that Great Falls Coca Cola Bottling Company does not pay out dividends to its shareholders from its profits and that it has been retaining earnings for a number of years. At the time of the trial, the corporation had $180,000.00 in retained earnings. Wife contends that at least 48% of that amount is available to the husband. Contradictory evidence offered by the husband is that the corporation is retaining such earnings for the purpose of expansion. Wife also contends that since husband is in effect a controlling stockholder, he would have no difficulty in reaching the money assets of the corporation when needed.

Under section 48-322, the District Court may award maintenance to a spouse only if the court finds that the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs, or that it is appropriate that the spouse, while having custody of a minor, not be required to seek employment outside the home. Under the same section, the court is required to consider the financial resources of the parties seeking maintenance, the ability of that spouse to seek his or her own needs independently, the time necessary to acquire sufficient education or training to become employable and the standard of living established during the marriage, among other factors. Here the court found that the

wife was trained and experienced in secretarial work and physically and mentally able to work; and that secretarial work, part-time or full-time, was available to her. In making the awards, both for maintenance and child support, the amounts allowed by the court, including the additional expenses to be borne by the husband, appear to approximate as 70% or more of the family expenditures prior to the breakup. Here, again the wide discretion of the District Court to determine maintenance awards come into play and that discretion is not to be disturbed unless clearly erroneous. This case is to be distinguished from those in which there were marriages of long standing, and the circumstances were such that the wife was not able to go out and successfully compete in the job market. See, for example, *Cromwell v. Cromwell* (1977), 174 Mont. 356, 570 P.2d 1129; and *Johnsrud v. Johnsrud* (1977), 175 Mont. 117, 572 P.2d 902, 906 where we said that an award of maintenance is related only to the needs of the spouse seeking maintenance.

We hold therefore, the award to the wife for maintenance, considering the other payments to be made by the husband, to be proper.

The same reasoning applies to the amount ordered by the court to wife for the support of the minor son, Eric. A special problem exists here because Eric needs fairly constant help in connection with his medical problem, which interferes in some degree with the ability of the wife to work fulltime. On this problem, however, the court found that Eric is improving and that he is likely to become more and more self-sufficient as time goes on. In view of the court's direction that the husband not only pay the $200.00 for the support of the child but also additional medical and special training expenses, it appears that the court, in its direction, has properly provided for the minor son.

There is one point however to be cleared up in connection with the child support payments made by the husband to the wife. After the entry of the decree, the husband, having temporary custody of the child, deducted from the payments to be made to the wife, the babysitter costs which the husband incurred while the son

was in his custody. Since the award of child support made by the District Court relates to the needs of the boy and the needs of the wife in order to support the boy, it is improper for the husband to deduct expenses which he incurs while the boy is with him from those payments that are to be made to the wife, unless the court otherwise provides.

A third issue raised by the appellant wife, relates to the provisions ordered by the court on visitation rights of the husband.

During the pendency of the dissolution action, the District Court had provided for "reasonable visitation" to the husband. In entering its final decree, however, the District Court provided a schedule of visitation rights. Appellant contends that this was done without any evidence taken by the District Court, and that the District Court adopted a schedule offered by the husband as part of his proposed findings. Under the final decree, husband has the temporary custody of Eric for two weekends each month, on alternate holidays and the right to visit Eric once a week at the family residence upon reasonable notice to the wife. Additionally, husband is entitled to have Eric for 30 days of every summer vacation and at other times convenient for the wife and husband.

The contention of the wife with respect to these provisions for temporary custody are difficult to understand. We see no difference between these provisions and a general statement of "reasonable visitation", since the provisions themselves appear reasonable. The main concern of the court in awarding custody is of course the welfare of the child. Since the husband is assuming substantially all of the costs of supporting Eric during his minority, the visitation rights provided by the District Court here appear in accord with the child's welfare, equity and good conscience.

The final contention raised by the appellant wife is that the court erred in refusing to require her husband to pay her attorney fees. The court found that she has sufficient assets of her own out of which to pay her attorney fees. Again, this finding of the court is supported by substantial evidence and is not clearly erroneous.

We make one final note with respect to the marital property divi-

sion. A substantial part of the division to the wife ($22,500.00) is the 30 shares of stock in Great Falls Coca Cola Bottling Company which she received as a gift from her husband's parents. Because the corporation is retaining all of its earnings and no dividend distributions are made to shareholders, as far as the wife is concerned, this is a non-earning asset. Moreover, its market value is subject wholly to the stock purchase agreement that all of the shareholders entered into on June 18, 1973. She is unable to dispose of this stock on the open market. Because the District Court relies on this item as a substantial part of her marital distribution, we see a duty here in the District Court to make certain that such distribution will remain effective. The court found the company had offered to purchase the wife's stock at a price of $750.00 per share, and the stock could be sold by her at that price, which would provide her with an income-producing asset. We would be disposed to direct other provisions with respect to this asset, except for the fact that we find in section 48-330, R.C.M. 1947, now section 40-4-208 MCA, power in the District Court to modify the property disposition if the court finds the existence of conditions to justify the reopening of the judgment. Such conditions would arise, in our opinion, were the shares of stock in that company to become worthless or reduced in value, or incapable of being sold for reasons beyond the control of the wife and within the control of the husband or the company.

The judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.