No. 82-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF

W. CARTER SNELL,

       Petitioner and Respondent,

   -vs-

HARRIETTE A. SNELL,

       Respondent and Appellant.

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. D. Buelow, Miles City, Montana

    For Respondent:

        Brown and Huss, Miles City, Montana

Submitted on Briefs:  June 2, 1983

Decided:  August 18, 1983

Filed:    AUG 1 8 1983

*Ethel M. Harrison*

—————————————————————————
                   Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Harriette A. Snell appeals from that part of a marital dissolution decree of the Rosebud County District Court dividing property and denying her request for maintenance. She argues that the trial court abused its discretion in not including in the marital estate certain gifts of ranch stock to her husband from his parents. She argues that the trial court abused its discretion in distributing the marital estate. Approximately 67 percent of the value was awarded to the husband and 33 percent was awarded to the wife. Finally, she argues that the court abused its discretion in not ordering the husband to pay her maintenance. We affirm.

The parties were married in 1945, and the marriage was dissolved in 1982. They moved to Montana in 1948 and the husband was employed as a ranch hand from 1948 to 1951. In March 1951, the husband formed a partnership with his brother and his father, and purchased a 9,500 acre ranch near Jordan, Montana. The husband's father made the down payment on the ranch and the balance of the purchase price was borrowed. The husband and wife lived and worked on the partnership ranch until 1957 when they purchased a house in Miles City and the wife moved there with their two children. The husband stayed on the ranch and the wife never moved back. The children attended school in Miles City. The husband's parents gifted the down payment for the house and the balance of the purchase price was paid for from the husband's ranch earnings.

The wife has been almost continuously employed since leaving the ranch. She worked at Montgomery Ward in Miles

City from 1958 through 1963; she worked at the *Miles City Star* from 1964 through 1978; and she has worked as an assistant and receptionist in a doctor's office from 1978 to the present time. Her take-home pay was $530 per month at the time of the hearing.

The wife testified that after the children finished school in 1967, her husband would not allow her to return to the ranch. The husband testified that she chose not to return to the ranch, and the trial court so found. Until October 1981, the husband provided the wife with $325 per month for upkeep of the house in Miles City.

The wife had been in Miles City for three years when the Snell family ranch was incorporated in 1960. The ranch was incorporated as a family corporation and the trial court found the owners at the time of the trial to be petitioner's mother, M. Gladys Snell, petitioner, and petitioner's brother, James Snell. Respondent relinquished her interest in the ranch real property by quitclaim deed dated January 23, 1960.

The husband received 118 shares at the time the ranch was incorporated, and during the 1970's, he received additional shares through a small purchase (5 shares) from his father's estate and through estate planning gifts from his father and mother. At the time of the dissolution, the husband owned less than half (258 of the 555 shares) of the ranch corporation.

In determining the marital estate subject to distribution, the trial court did not include the 120 shares the husband had acquired beginning in 1974. Rather, the trial court concluded that the wife did not contribute to the growth of the marital estate after 1969 and, therefore, she

had no right to share in increases in the estate since that date. The court did, however, hold that the wife had an interest in 138 shares of stock in the family corporation by 1969 and that she had a right to share in the inflationary growth of the stock to the time of dissolution.

The trial court valued the total marital estate subject to distribution at $330,514.44. The wife was awarded approximately 33 percent of this value, and the husband was awarded approximately 67 percent of this value.

To the wife, the trial court awarded all real and personal property in her possession in Miles City -- valued at $57,919, all stock in the public corporations -- valued at $8,012.44, and a cash payment of $44,000 as representing her interest in the family ranch stock. The husband was to pay her $20,000 cash within 60 days of judgment and the remaining $24,000 was to be paid in 60 monthly installments at the rate of $400 per month, the first payment starting on the day of judgment. The total value was $109,931.44.

To the husband, the trial court awarded all personal property on the ranch and 138 shares of the family corporation. The personal property was valued at $1,555. The 138 shares of stock were valued at $263,028, but from this value the husband was to make the $44,000 cash payment to the wife for her share in the stock. The total value awarded to the husband was $220,583.

The wife first contends that the trial court erred in not including in the marital estate the gifts of ranch stock to the husband from his mother and father. This Court has held, however, that it is not mandatory to include in the marital estate gifted property to one of the parties during the marriage. In re Marriage of Jorgenson (1979), 180 Mont.

294, 590 P.2d 606. The question, of course, is whether there had been an abuse of discretion by not including the husband's gifted stock. We have set forth guidelines for the equitable division of property acquired by gift or bequest to one party to the marriage (In re Marriage of Herron (1980), ____ Mont. ____, 608 P.2d 97, 37 St.Rep. 387), and we do not find that the trial court violated these guidelines here. The trial court properly exercised its discretion in not including certain gifted shares of stock in the marital estate.

Nor do we find an abuse of discretion in the trial court awarding approximately 67 percent of the marital estate to the husband and 33 percent to the wife. The trial court's findings and conclusions are extensive and detailed. Under section 40-4-202, MCA, marital assets can be equally divided, but equal division is not mandated. In re Marriage of Kowis (1983), ____ Mont. ____, 658 P.2d 1084, 1088, 40 St.Rep. 149; Martens v. Martens (1981), ____ Mont. ____, 637 P.2d 523, 526, 38 St.Rep. 2135. The trial court considered the facts and applied the statute, and we find no abuse of discretion.

Finally, the wife argues that the trial court should have ordered the husband to pay maintenance to her. The statute (section 40-4-203, MCA), however, does not mandate maintenance in all circumstances; rather, it requires maintenance only where the spouse seeking maintenance does not have sufficient property to provide for his or her reasonable needs and the spouse is unable to support himself or herself through "appropriate employment." See section 40-4-203(1)(b), MCA. Here, the wife has been employed for the last 25 years, she received a home, $8,000 in public corporation stock, and $44,000 in cash ($20,000 immediately

and the remaining $24,000 to be paid over a five year period at the rate of $400 per month).  Clearly, the trial court did not abuse its discretion in denying maintenance.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices