No. 85-213

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

EDWARD F. BECKER, JR.,

Petitioner and Appellant,

-vs-

SANDRA L. BECKER,

Respondent and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James J. Sinclair, Billings, Montana

For Respondent:

Wright, Tolliver & Guthals; Kenneth D. Tolliver,
Billings, Montana

---

Submitted: July 12, 1985

Decided: October 8, 1985

Filed: OCT 8 1985

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Edward F. Becker, Jr., petitioned for, and was granted, a dissolution of marriage and now appeals the distribution of property ordered by the Yellowstone County District Court. The issue on appeal is whether the District Court abused its discretion in the distribution of property. We affirm.

The husband sets forth two specific issues:

(1) Did the District Court abuse its discretion by including in the marital estate the husband's stock in one corporation while excluding the wife's stock in a different corporation?

(2) Did the District Court err by failing to set forth the value of the wife's corporate stock?

Although not stated as an issue on appeal, the husband also asserts that the District Court incorrectly valued his corporate stock.

Ed Becker, Jr., appellant, married the respondent, Sandy Becker, in May 1974. They have one child. Appellant previously worked for his father at Becker's Glass Shop, Inc. (Becker, Inc.), and earned a net monthly income of $1,717. Appellant was the vice-president and the shop foreman of Becker, Inc. His father fired him as a result of the filing of this divorce action. He had worked for his father for fourteen years. Prior to his marriage, appellant had received 1,000 shares of Becker, Inc., from his father. After his marriage, he received 21,000 shares of Becker, Inc., from his father. Appellant was employed by Becker, Inc., at the various times he received these shares. He owns 42-43% of the stock of Becker, Inc.

Appellant's brother, Jim, acquired stock in the corporation while he was employed there. Apparently, Jim did not acquire any stock after leaving the corporation.

At the time of trial, appellant worked in the glass business for his brother and earned a net monthly income of $1,627. His job is seasonal. He has a bachelor's degree in business from Eastern Montana College.

Respondent is employed as a legal secretary and earns a net monthly income of about $1,300. She does not have a college degree. During the marriage, she was given shares of stock in her parents' farm (the Mill Creek Farm) as part of her parents' estate planning efforts. Respondent testified that the stock has a total value of $32,725. Respondent, in addition to her secretarial job, took care of the house, the cooking and the cleaning during the marriage.

In February 1984, appellant filed a petition for dissolution of marriage. A non-jury trial was held in the case in October 1984. The District Court issued its findings of fact and conclusions of law in December 1984. Neither party objects to the dissolution of their marriage, the child support award, or the child custody decision. Appellant's only complaint is to the division of property.

The District Court found that 21,000 shares of appellant's stock in Becker, Inc., were acquired during the marriage and while he worked for the company. The court concluded that those shares were the product of the marital effort and should therefore be included in the marital estate. The court valued those 21,000 shares of stock at $37,841.87. The court did not include in the marital estate that stock given to appellant prior to the marriage. The court based this valuation on a financial statement of

Becker, Inc., which had been supplied by the company's certified public accountant.

The District Court found that respondent's stock in the Mill Creek Farm had been given to her as a gift and was not earned by her. The court further found that appellant and respondent had not enhanced or maintained the Mill Creek Farm or respondent's interest in the farm. Therefore, the court did not include respondent's stock in the marital estate to be divided among the parties. The court did not assign a value to this stock in its findings of fact and conclusions of law. The court's findings of fact and conclusions of law are otherwise detailed and complete.

The marital estate was valued at $159,144.27. Of this, respondent was awarded $74,097.40. She also received all of the Mill Creek Farm stock, which her uncontroverted testimony valued at $32,725 (for a total award of $106,822.40). Appellant received $85,516.87 from the marital estate. He contends that the Becker, Inc., stock, which represents $37,841.87 of his total award, is actually valueless.

As the first issue, appellant contends that the District Court abused its discretion by including appellant's stock in the marital estate while excluding respondent's stock.

The standard of review is clear.

> In dividing property in a marriage dissolution the district court has far reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.

4

In Re the Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 83, 42 St.Rep. 623, 626; citing In re Marriage of Vert (Mont. 1984), 680 P.2d 587, 41 St.Rep. 895.

Appellant's first issue essentially raises two questions; (1) whether respondent's stock should have been included in the marital estate; and (2) whether appellant's stock should have been included in the marital estate. As the trial court recognized, these are two distinct inquiries.

Section 40-4-202, MCA, states in part:

. . . In dividing property acquired . . . by gift . . . the court shall consider those contributions of the other spouse to the marriage, including:

(a) the nonmonetary contribution of a homemaker;

(b) the extent to which such contributions have facilitated the maintenance of this property . . .

This Court has held that a district court, in determining the marital estate, is not required to include gift property given to one spouse during the marriage. Snell v. Snell (Mont. 1983), 668 P.2d 238, 40 St.Rep. 1359; In re the Marriage of Jorgenson (1979), 180 Mont. 294, 590 P.2d 606. In re the Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97, set forth broad guidelines for the distribution of gift or bequest property. One such guideline is that:

[i]f none of the value of the property is a product of contribution from the marital effort. [sic] the District Court can justifiably find that the non-acquiring spouse has no interest in the property.

Herron, 186 Mont. at 404.

Here, respondent received her stock in Mill Creek Farm as a gift under her parents' estate planning scheme. Moreover, neither party worked on the farm except for

5

isolated odd jobs. At trial, appellant replied "absolutely not" when asked if he felt he had made a significant contribution to the farm operation. He also agreed with counsel's remark that appellant made no claim to any interest in the family farm. Under Herron, the district court could justifiably find that appellant had no interest in respondent's stock. See also Snell, 668 P.2d 238; Jorgenson, 590 P.2d 606. We hold that there was no abuse of discretion in excluding respondent's stock from the marital estate.

In contrast to respondent's acquisition of stock, appellant acquired his stock in Becker, Inc., when he was working for the company. Similarly, there is evidence that his brother acquired his stock in Becker, Inc., when he worked for the company. His sister did not receive any stock in the company. These facts support a conclusion that appellant received the stock as compensation for working and not as a gift. Additionally, appellant, by working, enhanced and maintained the value of the stock. Finally, respondent took care of the family's cooking, cleaning and laundering while appellant was working for Becker, Inc. Under these facts, it was not an abuse of discretion for the trial court to find that appellant's stock was a product of the marital effort and should, therefore, be included in the marital estate.

Appellant further complains that the lower court erred in assigning value to appellant's shares of stock. Appellant argues that his stock is valueless because: (1) the corporation leases its building and land from appellant's father; (2) appellant's father can liquidate the corporation at will; and (3) appellant has no control over the corporation and cannot even work for the corporation. However, at trial, appellant admitted that he thought the

6

stock was worth something, that Becker, Inc., has a good name and that the company has been there for a number of years. The District Court, in valuing the stock, relied upon figures supplied by Becker, Inc.'s, accountant, Robert A. Everson, CPA. The court computed the stock's value by dividing the value of the corporation's total assets, less liabilities, by the number of outstanding shares. This Court has expressly approved this method of valuing stock. Burleigh v. Burleigh (Mont. 1982), 650 P.2d 753, 39 St.Rep. 1538. We uphold the trial court's valuation.

Finally, appellant contends the lower court erred in not making a finding as to the value of respondent's shares of stock. This Court has stated that the trial court must determine the net worth of the parties at the time of the divorce. In re the Marriage of Loegering (Mont. 1984), 689 P.2d 260, 41 St.Rep. 1892; Beck v. Beck (Mont. 1983), 661 P.2d 1282, 40 St.Rep. 565. That statement, however, has not been a rule strictly adhered to by this Court. We have also stated that:

> Failure to precisely set forth net worth of parties does not constitute abuse of discretion so long as the findings as a whole are sufficient to determine net worth, In Re Marriage of Nunnally (1981), Mont., 625 P.2d 1159, 38 St.Rep. 529, and the findings themselves will not be disturbed unless a preponderance of the evidence clearly mandates contrary determinations. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939.

Le Prowse v. LeProwse (1982), 198 Mont. 357, 646 P.2d 526.

In this case, it was not reversible error for the trial court to not assign a value to an asset not included in the marital estate. Here, although the court did not assign a value to the stock, the court clearly considered the wife's stock and awarded it to her. There was no dispute as to the

7

stock's value. Respondent consistently admitted the stock was worth $32,725. Appellant does not attack this valuation. Thus, as in LeProwse and Nunnally, the trial court's findings as a whole are sufficient to determine net worth. The findings were otherwise complete and equitable. We hold that the trial court did not commit an abuse of discretion in the distribution of property. The omission of a valuation for respondent's stock was, at most, harmless error. What this Court stated in In Re the Marriage of Ziegler (Mont. 1985), 696 P.2d 983, 987, 42 St.Rep. 298, 302, bears repeating:

> We do not wish to restrict the liberal, discretionary power vested in the district courts, by requiring rigid adherence to technical forms of property distribution orders. This Court recognizes that the trial court must evidence the basis of its ultimate conclusion in the findings of fact. However, the statutory guidelines promulgated in 40-4-202, MCA, were not designed as requisite criteria to be individually itemized in every property distribution decree.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

8