No. 85-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
WAYNE T. SNYDER,

        Petitioner and Respondent,

   and

LENA R. SNYDER,

        Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Berger Law Firm; Chris J. Nelson, Billings, Montana

    For Respondent:

        McKinley Anderson, Bozeman, Montana

Submitted on Briefs: Dec. 18, 1985

Decided: February 20, 1986

Filed: FEB 20 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The wife appeals from the property distribution in this dissolution of marriage. We affirm the order of the Gallatin County District Court.

The issues presented on appeal are:

1. Did the District Court erroneously fail to include a promissory note valued at $78,121 as part of the marital estate?

2. Should the District Court have awarded the wife either a one-half interest in the family home or its equivalent in cash?

The parties married late in life. Their marriage was dissolved six years later, in 1984, when the husband was sixty-nine years of age and the wife was sixty. Both parties worked during at least part of the marriage. The wife testified that she had entered into the marriage with the understanding that the husband would provide for her financially.

The husband brought to the marriage property worth over $161,000, including an interest in a family farm, $15,000 in retirement benefits, and a $55,000 home. While the parties were married, they sold his home and applied the proceeds to the purchase of a home which they held as joint tenants ("the marital home"). Also during the marriage, the interest in the family farm, which husband and his brother owned, was reduced to a promissory note from the brother in favor of husband and wife as tenants in common. The wife brought to the marriage miscellaneous furniture and appliances of unknown value. The parties acquired additional assets with a net value of $27,831 during their marriage.

In its distribution of property, the District Court ordered that the marital home, valued at $105,000, be sold. The wife was to receive $20,000 of the proceeds after payment

2

of the mortgage, and the husband was to receive the remaining proceeds. The court also awarded the husband the promissory note representing the interest in the family farm. The balance payable on the note was $78,121 at the time of trial. The total value of the property distributed to husband was $154,184. He was also assigned $43,855 in liabilities, which included the mortgage on the marital home. The wife was awarded property with a total value of $31,800 and assigned liabilities totaling $6,438. The trial court further awarded the wife $100 per month in maintenance, to continue until she dies or remarries.

I

Did the District Court erroneously fail to include a promissory note valued at $78,121 as part of the marital estate?

The wife acknowledges that husband's interest in the family farm existed before the parties married. However, she argues that because the promissory note representing that interest names her as a tenant in common, it establishes an irrevocable gift from husband to her, and she should receive half of the note's value.

Section 40-4-202, MCA, governs division of property in a dissolution of marriage. That statute, in relevant part, provides that:

> . . . the court . . . shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both.

Subsection (3) of that statute further provides that:

> Each spouse is considered to have a common owner-ship in marital property that vests immediately preceding the entry of the decree of dissolution . . .

3

The question of title is not controlling under this statute. Morse v. Morse (1977), 174 Mont. 541, 545, 571 P.2d 1147, 1149. In Morse, we upheld a property division in which the District Court did not give controlling weight to the fact that the wife quitclaimed certain property to the husband during the marriage. In a similar manner, we conclude that the District Court here was not required to give controlling weight to the tenancy in common form of ownership in its distribution of the promissory note.

Section 40-4-202, MCA, further provides, in subsection (1) that:

> . . . In dividing property acquired prior to the marriage . . . the court shall consider those contributions of the other spouse to the marriage, including: (a) the nonmonetary contribution of a homemaker; (b) the extent to which such contributions have facilitated the maintenance of this property; and (c) whether or not the property division serves as an alternative to maintenance arrangements.

Under this standard, prior acquired property may properly be included as part of the marital assets where, for example, contributions of the other spouse have facilitated maintenance of the property. See In re Marriage of Jorgensen (1978), 180 Mont. 294, 590 P.2d 606. In the present case, the interest in the family farm was undisputedly property of the husband prior to this marriage. In evaluating the facts of the present case under the above statutory standard, we note that the District Court found that both parties contributed to make the household operate satisfactorily during their marriage. There is nothing in the record or in the briefs submitted to us to support the notion that the wife's contributions facilitated the maintenance of the interest in the farm property at any time. The wife was awarded maintenance in addition to the property division in this matter.

4

We have repeatedly stated that we will not alter the judgment of a district court in resolving a property distribution unless a clear abuse of discretion is shown. In this case, the findings of the District Court set out with particularity the assets which the husband and wife brought into their marriage. The order also set out the assets acquired and liabilities incurred during the marriage, which it labeled the "marital net estate." The court then provided for disposition of the property acquired both prior to and during the marriage. Under the above statutory standards, we cannot say that the District Court abused its discretion in excluding the promissory note for the farm from the "marital net estate", or in awarding it to the husband.

## II

Should the District Court have awarded the wife either a one-half interest in the family home or its equivalent in cash?

The wife raises this issue on essentially the same grounds as her argument under the first issue. She claims that the husband gifted her with a one-half interest in the marital home, and argues that the fact that the home is owned jointly by the parties is evidence of the gift. She contends that she should therefore be awarded one-half of the home's value.

As we have pointed out, Montana's statutory scheme for disposition of marital property does not give controlling importance to the way in which title to the property is held. Rather, the district court is to make an equitable division of the property, considering the factors set out in § 40-4-202, MCA. The requirement that the property division be equitable does not mandate that the division be equal.

Snell v. Snell (Mont. 1983), 668 P.2d 238, 240, 40 St.Rep. 1359, 1361.

We have reviewed the facts in the record, including the relatively short duration of the parties' marriage and the fact that $55,000 toward the price of the marital home was contributed from husband's pre-marriage assets. The District Court's disposition of the marital home will allocate to the husband approximately $51,000 from the sale of the home--the $105,000 value less the $34,000 mortgage and the $20,000 to be distributed to the wife. We find no abuse of discretion in the way in which the District Court distributed the value of the marital home.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6