No. 90-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF RICHARD F. GALLAGHER,

Petitioner and Respondent,

and

LOREE H. GALLAGHER,

Respondent and Appellant.

**FILED**

APR 15 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randy Winner, Flaherty & Winner
Great Falls, Montana

For Respondent:

Warren C. Wenz, Marra, Wenz, Johnson & Hopkins
Great Falls, Montana

Submitted on Briefs: December 20, 1990

Decided: April 15, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The wife, Loree H. Gallagher, appeals from the findings of fact, conclusions of law and decree of dissolution entered in the Eighth Judicial District Court, Cascade County. We affirm.

We will discuss the following issues on appeal:

1. Did the District Court err in finding that the husband's partnership interest in his law practice was not a part of the marital estate?

2. Did the District Court err in refusing to deduct the husband's support, maintenance and education obligations to his first wife and children from the husband's net worth at the time of the parties' marriage?

3. Did the District Court err in refusing to order the husband to pay the wife's attorney fees?

Richard and Loree Gallagher were married in 1980. At the time of the marriage, Richard was 40 years old and Loree was 22. Richard had two children from a prior marriage. He owed substantial maintenance, child support and education obligations to his first wife and children. No children were born during his eight years with Loree.

At the inception of the parties' marriage, Richard had been an attorney for 14 years, 13 as a member of the law firm of Church, Harris, Johnson & Williams and eight as a partner in that firm. During the marriage, his income fluctuated but, on the whole, increased a great deal. Also during the marriage, the terms of the

Church, Harris partnership agreement were modified to provide that any partner who voluntarily withdrew from the firm would receive the fixed sum of $6,250.

At the time of the marriage, Loree possessed an associate's degree in business from Concordia College in Portland. She had been employed as a legal secretary with Church, Harris, but was asked to leave that position when she married Richard. She then worked as a secretary at Norwest Bank. In 1985, she became self-employed as a bookkeeper. Although her salary decreased in this endeavor, she rejected several offers of other employment, electing instead to retain the flexibility allowed by being her own boss.

Excluding the value of the law partnership, Richard brought into the marriage assets with a net worth of $34,240. Loree brought no assets to the marriage aside from her personal effects. During the marriage, the couple's net worth, excluding the value of the law practice, increased to $54,061, a gain of $19,821. A substantial portion of the growth was attributable to increases in value of Richard's prior-acquired property.

The District Court awarded assets with a net value of $18,989 to Loree and the remaining marital assets--net value $35,072--to Richard. It valued Richard's partnership interest at $6,250, ruling that the value of the interest was controlled by the law firm's partnership agreement. It then refused to include that interest in the marital estate, finding that Loree had not

3

facilitated the maintenance of the law practice. The court did, however, award Loree maintenance of $500 per month for 30 months.

Loree appeals, arguing first that the District Court erred in ruling that the $6,250 figure assigned in the Church, Harris partnership agreement as the amount each partner would receive if he or she left the firm established the value of Richard's interest in the law firm. She further argues that the District Court erred in refusing to allow her to conduct discovery delving behind the partnership agreement in order to determine whether the $6,250 sum reflected the actual value of Richard's interest. We need not reach these issues, however, because the District Court also found that Richard's interest in the partnership was not a part of the marital estate. If this finding is not clearly erroneous, the value of the asset is irrelevant.

Richard acquired his interest in the law firm prior to his marriage to Loree. When dividing property acquired by one spouse prior to the marriage, § 40-4-202(1), MCA, directs the District Court to consider the other spouse's contributions to the marriage, including:

(a) the nonmonetary contribution of a homemaker;

(b) the extent to which such contributions have facilitated the maintenance of this property; and

(c) whether or not the property division serves as an alternative to maintenance arrangements.

If the contributions of the non-owning spouse have not facilitated the maintenance of property brought into the marriage

4

by the other spouse, the district court may exclude that property from the marital estate. In re the Marriage of Snyder, 220 Mont. 262, 265, 714 P.2d 556, 557-58 (1986); In re the Marriage of Jorgensen, 180 Mont. 294, 299, 590 P.2d 606, 609-10 (1979).

In this case, the District Court specifically considered Loree's nonmonetary contributions to the marriage, including her contribution as a homemaker, and found that she did not facilitate the maintenance of the partnership asset. This finding is not clearly erroneous. Richard had been a partner in the firm for eight years prior to the marriage and had thus successfully established himself in the legal profession before marrying Loree. The marriage of eight years was of relatively short duration and no children were born of the marriage. Furthermore, the property division did not serve as an alternative to maintenance--the court awarded Loree maintenance of $500 per month for 30 months.

The District Court did not err in finding that the partnership interest was Richard's sole property. The court properly excluded the asset from the marital estate.

Loree next contends that the District Court erred in refusing to deduct from Richard's net worth at the time of their marriage his support, maintenance and education obligations to his wife and children of his first marriage. Loree argues that if the District Court had deducted Richard's obligations to his former family, his net worth at the time of the marriage would have been in the negative and the increase in the parties' net worth during the

5

marriage would have been substantially greater than the increase found by the District Court.

Under the facts of this case, Richard's maintenance, education and child support obligations, do not implicate property rights. Therefore, the District Court did not abuse its discretion in refusing to deduct the obligations from Richard's statement of net worth.

Loree's final argument is that the District Court erred in failing to order Richard to pay her attorney fees.

The district court in a dissolution action may order one spouse to pay the other spouse's attorney fees. Section 40-4-110, MCA. We will not overturn the court's failure to award attorney fees absent a showing of an abuse of discretion. In re the Marriage of Anderson, 230 Mont. 89, 95, 748 P.2d 469, 472 (1988).

In this case, the District Court refused to award attorney fees to Loree because she had failed to cooperate with Richard's attempts to informally provide information; she sought numerous continuances and extensions; and she was unwilling to accept the rulings of the court. Under the circumstances, the District Court did not abuse its discretion in refusing to award attorney fees.

Affirmed.

_William E. Hunt_
Justice

We concur:

_J. A. Turnage_
Chief Justice

6

John Conway Harrison

Diane G. Barry

Troy Trieweiler

Justices