No. 94-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF
KEREN WALES WILSON,

    Petitioner and Respondent,

    -v-

GARY V. WILSON

    Respondent and Appellant.

**FILED**

AUG 2 1 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       James T. Ranney, Missoula, Montana

      For Respondent:

       Paulette C. Ferguson, Missoula, Montana

Submitted on Briefs:  April 6, 1995

Decided:  August 21, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Appellant, Gary Wilson (Gary), appeals the Fourth Judicial District Court's amended findings of fact, conclusions of law, and decree entered July 25, 1994, distributing the marital assets of Gary and Keren Wilson (Keren).

We affirm.

Gary raises the following issue on appeal: Did the District court erroneously divide the marital estate by failing to follow § 40-4-202, MCA?

## Background Facts

Gary and Keren were married in Las Vegas, Nevada on March 3, 1987. On March 26, 1991, Keren petitioned the District Court for the Fourth Judicial District, Missoula County to dissolve her marriage with Gary. Following a trial on March 29, 1994, the District Court entered its initial decree and opinion. The District Court finalized its opinion and order in its amended findings of fact and conclusions of law and decree on July 25, 1994.

At the time of the dissolution, Gary was 51 and self-employed in a television satellite business; Keren was 32 and self-employed in a used bookstore. They had one child, Samuel, born during their marriage. The premarital real property included the bookstore, purchased by Keren from her mother in December, 1982, and the Flathead Lake property bought with proceeds from the sale of land given to Keren by her father. The purchase price of the bookstore was $11,500, the down payment was $500, and the quarterly payments

2

are $304.77. A realtor estimated the value of the bookstore as $33,000, but a carpenter estimated that it needed as much as $30,000 in repair. The District Court divided between Gary and Keren the $20,000 appreciation in the value of the Flathead Lake property.

The District Court found that the marital assets totaled $93,490 and included two parcels of real property, a right-of-way, and various household items including cars, boats, guns, and equipment. The District Court found that the marital debts totaled $14,595.15. Accordingly, Keren received the right-of-way, half of the appreciation in value of the Flathead Lake property, guns, and most of the cars. Her assets minus debts totaled $42,072. Gary received the remaining two parcels of real property in addition to the guns, boats, equipment, Columbia mobile home, and Winnebego trailer. His assets minus debts totaled $32,084. Additionally, the District Court provided that if necessary, Keren could satisfy Gary's portion of the appreciation in value of the Flathead Lake property by transferring to him at least one-half of the right-of-way. The District court used the property division as an alternative to maintenance arrangements. Gary appeals the District Court's division of property as stated in the July 25, 1995 decree.

### Discussion

Gary raises the following issue on appeal: Did the District Court erroneously divide the marital estate by failing to follow § 40-4-202, MCA?

Gary claims that the District Court failed to follow § 40-4-202, MCA, because 1) it did not give Gary credit for his

3

contributions to the bookstore; 2) it did not make findings as to the validity of Gary's debts; 3) it ignored Gary's request for Keren to return items of personal property; and 4) it assigned personal property owned by third parties.

We review a district court's division of marital property to determine if the district court's findings of fact are clearly erroneous. In re the Marriage of Zander (1993), 262 Mont. 215, 221, 864 P.2d 1225, 1229. Thus, when substantial credible evidence supports the trial court's findings and judgment, this Court will not alter the trial court's decision unless there has been an abuse of discretion. In re the Marriage of Maedje (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583 (citing In re the Marriage of Scoffield (1993), 258 Mont. 337, 852 P.2d 664).

Section 40-4-202, MCA, governs the distribution of the marital estate. This statute vests the district court with the broad discretion to adopt any reasonable valuation of marital property which is supported by the record and to apportion the marital property in a manner which is equitable to each party under the circumstances. In re the Marriage of Rada (1994), 263 Mont. 402, 405, 869 P.2d 254, 255-56; Maedje, 868 P.2d at 582. "An equitable distribution is not necessarily an equal distribution." Rada, 869 P.2d at 255-56. Section 40-4-202, MCA, provides in pertinent part:

> (1) In a proceeding for dissolution of a marriage, legal separation, or division of property . the court . . . shall . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both . . . . In dividing property acquired prior to the marriage . . . the court shall consider the contributions of the other spouse to the marriage, including:

4

          (a) the nonmonetary contribution of a homemaker;
          (b) the extent to which such contributions have
     facilitated the maintenance of this property; and
          (c) whether or not the property division serves as an
     alternative to maintenance arrangements.

     Gary maintains that this statute is an "all property" rule

mandating that all property, whether prior acquired or not, must be

considered as marital property. However, we have held that the

district court must first consider the contributions of the other

spouse, and only then may consider prior acquired property as part

of the **marital** property. In re the Marriage of Jorgensen (1979),

180 Mont. 294, 299, 590 P.2d 606, 610. "We have also held that, if

the contributions of the non-owning spouse have not facilitated the

maintenance of property brought into the marriage by the other

spouse, the district court may properly exclude that property from

the marital estate." In re the Marriage of Simms (1994), 264 Mont.

317, 328, 871 P.2d 899, 905-06.

     In the instant case, after hearing conflicting testimony

regarding Gary's contributions to the maintenance of the bookstore,

the District Court found that Keren owned the bookstore prior to

her marriage with Gary and thus determined it to be premarital

property. The trial court is in the best position to judge the

credibility of the witnesses. "We will not substitute our judgment

for that of the District Court even where there is evidence in the

record to support contrary findings." In re the Matter of the

Estate of Alcorn (1994), 263 Mont. 353, 360, 868 P.2d 629, 633.

Our review of the record shows substantial evidence to support the

District Court's findings.

     Moreover, the District Court considered the statutory factor

of Keren's nonmonetary contributions, heard extensive testimony on Gary's contributions to the maintenance of the bookstore, and stated that the property division serves as an alternative to maintenance arrangements. We conclude that the District Court did not abuse its discretion in finding the bookstore to be premarital property.

Gary next contends that there are three additional reasons to remand the District Court's division of property: 1) the District Court did not make findings as to the validity of Gary's debts; 2) the District Court ignored Gary's personal property; and 3) the District Court assigned property that belonged to third parties. Each of Gary's contentions hinges on the District Court's interpretation of conflicting testimony. Again, we have held that the District Court is in the best position to determine the credibility of the testimony. See Alcorn, 868 P.2d at 633; In re the Marriage of Gerhart (1990), 245 Mont. 279, 282, 800 P.2d 698, 700. We have held that the district court need not articulate each factor of § 40-4-202, MCA, and that **item** by **item** findings are not required in property division cases, as long as the findings are sufficient to allow nonspeculative review by this Court. Gerhart, 800 P.2d at 700-01 (concluding "[o]ur ultimate test for adequacy of findings of fact is whether they . . . provide a basis for decision and whether they are supported by the evidence presented"); Larson v. Larson (1982), 200 Mont. 134, 139, 649 P.2d 1351, 1354.

The District Court entered extensive findings of fact, describing the premarital assets, describing the marital assets and marital debts, totalling the assets and debts, and equitably

dividing the assets and debts. In fact, the District Court's final division of property was similar to the division Gary suggested when the District Court questioned him. At that time, Gary stated that he wanted the right-of-way, the two parcels of real property, the 1964 mobile home, half of the appreciation in value of the lake property, and agreed to assume all of his debts. He agreed that Keren could have the bookstore and its inventory, the lake property, and an easement for a sign advertising the bookstore.

There is ample evidence to support the District Court's division of the marital estate. The District Court carefully established the value of the estate and divided equitably. We therefore hold that the District Court did not abuse its discretion in dividing Keren and Gary's property.

AFFIRMED.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

7

August 21, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JAMES T. RANNEY, ESQ
Attorney at Law
515 Savings Center Bldg.
110 E. Broadway
Missoula, MT 59802

PAULETTE C. FERGUSON
Attorney at Law
210 N. Higgins, Suite 302
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy