JUSTICE NELSON
dissents.
¶36 I dissent from the Court’s decision on Issues 1 and 3 and, therefore, express no opinion as to Issue 2.
¶37 We have previously held that pursuant to § 40-4-202, MCA, preacquired, gifted, or devised property need not be included in the marital estate unless the nonacquiring spouse contributed to its preservation or appreciation. We have further held that only in the event the nonacquiring spouse did contribute, is the nonacquiring spouse entitled to an equitable share of the appreciated or preserved value which is attributable to his or her efforts. See In re Marriage of Smith (1995), 270 Mont. 263, 891 P.2d 522; In re Marriage of Bradshaw (1995), 270 Mont. 222, 891 P.2d 506; In re Marriage of Smith (1994), 264 Mont. 306, 871 P.2d 884; In re Marriage of Rock (1993), 257 Mont. 476, 850 P.2d 296; In re Marriage of Keedy (1991), 249 Mont. 47, 813 P.2d 442; In re Marriage of Gallagher (1991), 248 Mont. 100, 809 P.2d 579; In re Marriage of Luisi (1988), 232 Mont. 243, 756 P.2d 456; In re Marriage of Fitzmorris (1987), 229 Mont. 96, 745 P.2d 353; In re Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97.
¶38 Indeed, in In re Marriage of Engen, 1998 MT 153, 289 Mont. 299, 961 P.2d 738, we made a point of analyzing these cases and the rule expressed therein in an attempt “to clarify years of inconsistent and result-oriented decisional law which pertained to the distribution of gifted, inherited, or preacquired property.” In re Marriage of Foreman, 1999 MT 89, ¶ 45, [294 Mont. 181, ¶ 45], 979 P.2d 193, ¶ 45, (Trieweiler, J., dissenting). Unfortunately, as was the case in Foreman, in the case at bar the Court’s efforts in Engen to bring consistency and rationality to a troublesome, confusing, and litigation-prone area of domestic-relations law have once again been frustrated.
¶39 Here, while there is evidence that Janet did contribute to the marriage, there is no finding as to what was the value of the family residence at the time of her marriage to Royal; there are no findings as to the value of the appreciated or preserved value[1] of the property attributable to Janet’s efforts; and, consequently, there is no rational basis on which to determine her proper share of the appreciated or *554 preserved value. Engen, ¶ 29. More to the point, applying the rule set out in Engen, there is no substantial evidentiary basis supporting the court’s determination to include the entire value of the family residence in the marital estate and to award Janet $35,000 based upon the recently appraised value of the property at $86,300.
¶40 I agree with Justice Trieweiler’s dissent in Foreman. As the majority did in that case, we have once again “simply adopt[ed] the District Court’s reasoning without any evidentiary basis for doing so.” Foreman, ¶ 62, (Trieweiler, J., dissenting). Moreover, we have ignored the clear rule oí Engen and have, once more, retreated into the inconsistent and result-oriented approach that has plagued and continues to plague the distribution of gifted, inherited or preacquired property in domestic-relations cases.
¶41 I would reverse and remand for further proceedings and for proper findings as to the value of the family residence at the time of Janet’s marriage to Royal; as to the value of the appreciated or preserved value of the property attributable to Janet’s efforts; and, as to her share of the appreciated or preserved value as so determined. I dissent from our failure to do so.

. It is not even clear from the trial court’s findings whether, at the time of the appraisal, the property had appreciated in value. In fact, one gets the sense from the court’s reference to its poor condition that the property might have depreciated over the course of the marriage.