No. 83-180

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF:

ROBERT A. POPP,

Petitioner and Respondent,

and

SUSAN POPP,

Respondent and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District
In and for the County of Yellowstone
Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Allen Beck, Billings,Montana

For Respondent:

Moses Law Firm, Billings, Montana

---

Submitted on briefs· July 14, 1983

Decided· October 27, 1983

Filed: **OCT 27 1983**

*Ethel M. Harrison*
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant, Susan Popp, appeals a final judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, entered February 7, 1983. Appellant challenges the valuation and the disposition of the marital estate.

The parties were married on August 19, 1961, and separated August 20, 1981. There are four children of the marriage; however, the matters of child custody and support and visitation rights are not issues in this appeal.

The dispute arises from the District Court's valuation and apportionment of the marital property, including the family ranch, crops, ranch vehicles, farm machinery and farm tools. Appellant wife appeals the District Court's refusal to order the ranch sold.

This is the first marriage of both appellant wife and respondent husband. Testimony indicates that the property at issue was acquired by the parties during the course of their marriage. The marital estate consists primarily of an 834-acre ranch upon which the parties raised cattle, horses and crops, as well as maintained the related vehicles and implements used to operate that ranch. The family home is also located on the ranch; however, the valuation of this asset is not at issue.

Appellant raises the following issues on appeal:

1. Whether the District Court erred in failing to meet its own stated objective of awarding 60 percent of the marital estate to the husband and 40 percent to the wife.

2. Whether the District Court erred in ordering a 60 percent (husband), 40 percent (wife) division of the marital estate.

3. Whether the District Court erred in failing to require husband to account for the decrease in assets between the date of separation and the date of the trial and later hearing.

4. Whether the District Court erred in its virtually verbatim adoption of husband's proposed findings of fact and conclusions of law.

5. Whether the District Court erred in failing to order the ranch sold.


## STANDARD OF REVIEW

In Parenteau v. Parenteau (Mont. 1983), 664 P.2d 900, 40 St.Rep. 815, we stated the following regarding the proper standards of review in marital dissolution cases:

> "'The standards governing review of a District Court's property distribution . . . are well-settled in Montana. The District Court has far-reaching discretion in making property divisions. Torma v. Torma (1982), ___ Mont. ___, 645 P.2d 395, 399, 39 St.Rep. 839, 843; Zell v. Zell (1977), 174 Mont. 216, 220, 570 P.2d 33, 35.

> "'The reviewing court does not substitute its judgment for that of the trial court, and will not alter a judgment unless it finds an abuse of discretion, i.e., that the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Torma, 645 P.2d at 399, 39 St.Rep. at 843; Zell, 174 Mont. at 220, 570 P.2d at 35; Creon v. Creon (1981), ___ Mont. ___, 635 P.2d 1308, 1309, 39 St.Rep. 1828, 1830.

> "' . . .

> "'[W]hile a district court, in its discretion, may equally divide the marital

> assets, section 40-4-202, MCA, does not
> mandate equal distribution. Martens v.
> Martens (1981), ___ Mont. ___, 637 P.2d
> 523, 526, 38 St.Rep. 2135, 2138; In re
> Marriage of Aanenson (1979), ___ Mont.
> ___, 598 P.2d 1120, 1123, 36 St.Rep. 1525,
> 1528.' Kowis v. Kowis (1983), ___ Mont.
> ___, 658 P.2d 1084, 1087-88, 40 St.Rep.
> 149, 153."

These standards still apply and govern our review of this matter.


## FAILURE TO DIVIDE PROPERTY ACCORDING TO COURT-ORDERED PLAN AND FAILURE OF HUSBAND TO ACCOUNT FOR ASSETS

Appellant wife contends that the District Court erred in failing to meet its stated objective of dividing the property 60 percent to the husband and 40 percent to the wife. We agree.

Section 40-4-202, MCA, requires the equitable distribution of the parties' property in a dissolution proceeding. This property includes "the property and assets belonging to either or both, however and whenever acquired." For all property to be distributed it must all first be valued and included in the gross marital estate. That did not occur in this matter. As we stated in Lippert v. Lippert (Mont. 1981), 627 P.2d 1206, 38 St.Rep. 625:

> "A proper disposition of marital property
> in a dissolution proceeding requires a
> finding of the net worth of the parties
> at or near the time of the dissolution.
> Hamilton v. Hamilton (1980), ___ Mont.
> ___, 607 P.2d 102, 37 St.Rep. 247; Vivian
> v. Vivian (1978), ___ Mont. ___, 583 P.2d
> 1072, 35 St.Rep. 1359; Kramer v. Kramer
> (1978), 177 Mont. 61, 580 P.2d 439; Downs
> v. Downs (1976), 170 Mont. 150, 551 P.2d
> 1025. The basic reason for the rule is
> obvious; however, it is equally apparent
> that application of the rule is dependent
> upon the kinds of marital assets under
> consideration. The time for proper
> valuation cannot be tied to any single
> event in the dissolution process. The
> filing of a petition, trial of the

> matter, or even the granting of the decree of dissolution do not control the proper point of evaluation by the District Court."

However, while there may be no standard, fixed time to properly value the marital assets, in this case the District Court clearly erred in valuing the 1982 crops in February rather than around harvest time. This early valuation resulted in the elimination of a significant asset from the gross marital estate. This in itself is sufficient error to destroy the court's proposed 60-40 distribution. However, the court compounded its error by valuing the debts of the parties at the time of trial. Consequently, while the wife was not allowed to share in the profits of the ranch accrued since the date of separation, she was nevertheless charged with a proportionate share of the debts which accrued during that same time period. This is fundamentally unfair and constitutes clear error on the part of the District Court.

It is also clear from a thorough review of the file on this matter that the court valued some assets at their depreciated value as listed on the parties' income tax returns instead of at their fair market value. Yet there is no finding stating that the depreciated value is equal to fair market value of certain items of equipment. Without such a finding we hold the District Court's decision was "clearly erroneous."

The 60-40 split also fails in that the court failed to require the husband to account for all marital assets in his possession and under his control during the separation of the parties. Without an accounting of all assets the gross marital estate cannot be determined and the property cannot be equitably divided.

5

The cumulative effect of the foregoing errors contribute to the court's failure in fact to divide the property on a 60-40 basis. We have held that when the trial court's findings and conclusions do not adhere to its decision to split the marital property on a certain percentage basis, the trial court's judgment distributing assets of the marriage must be vacated and remanded. In re Marriage of Gohner (Mont. 1980), 609 P.2d 288, 37 St.Rep. 613. Therefore, this matter must also be vacated and remanded on this issue.

The greatest error which wife claims destroys the 60-40 split is the undervaluation of the ranch which is the main asset of the parties.

Appellant wife submitted an appraisal at trial prepared by an accredited rural appraiser (the "Hall appraisal"). Hall was available at trial and testified as to his valuation procedures. Hall valued the ranch at $386,110. Husband's appraisal was admitted into evidence by stipulation (the "Wright appraisal"). Wright valued the ranch at $283,300.

We also note that there was a bona fide offer for the ranch in the amount of $350,000. We further note a discrepancy between the appraisals as to the number of irrigated acres. In most material respects, the two appraisals are diametrically opposed.

We stated in Biegalke v. Biegalke (1977), 172 Mont. 311, 564 P.2d 987, that "the trier of the facts has the discretion to give whatever weight he sees fit to the testimony of the expert from 0 to 100%." However, Biegalke is distinguishable in that the parties there agreed to the court appointment of a single appraiser, stipulated to his qualifications, and generally accepted his appraisal without objection. On appeal, we held the court properly exercised its

discretion in determining valuation. In the instant case, as in Peterson v. Peterson (Mont. 1981), 636 P.2d 821, 38 St.Rep. 1723, the parties secured different appraisers who presented widely conflicting valuations. Unlike Peterson, here, upon review of the record, we cannot say the District Court improperly exercised its discretion in selecting the value it did based upon the findings of fact as stated.

## 60-40 DIVISION OF PROPERTY

Appellant wife also challenges the 60-40 division of property. It is clear from the record that this was the first marriage of each of the parties and both brought virtually no assets to this marriage. The property to be distributed was acquired by the parties during their marriage. Clearly, the primary asset is the ranch property.

The only reference by the court in its findings to the 60-40 split is one sentence in Finding No. 54. "This above amount represents a 40-60% split of the net marital estate." No reasoning is given for the basis of such a distribution. We cannot determine whether such a division is an abuse of discretion without findings by the court explaining the reasoning behind such a decision. Consequently, we must also remand for findings with regard to this issue.

Appellant contends that the District Court ordered the 60-40 property division based on Finding of Fact No. 48. It states, "The Court specifically finds that Respondent [appellant] has made no contribution to the ranch since separating from the Petitioner [respondent]." Since there are no findings stating the reason for the 60-40 division, we are unable to determine whether this is, in fact, the basis for the

court's decision. However, as we stated in Larson v. Larson (Mont. 1982), 649 P.2d 1351, 39 St.Rep. 1628:

> "We caution the trial court not to place emphasis on petitioner's lack of connection with the ranch during the pendency of these proceedings. Cf. Torma v. Torma (1982), ___ Mont. ___, 645 P.2d 395, 39 St.Rep. 839 (discussion of parties' relative contributions toward property maintenance and equity after final decree has been entered). Though petitioner's homemaking services and nonmonetary contributions may not have been rendered in the ranch context, they nevertheless continued as petitioner had custody and primary responsibility for the physical and emotional needs of the parties' minor children. This no doubt facilitated respondent's ability to maintain his employment and ranch responsibilities as he was not required to take time from these activities to ensure that the children's basic needs were being met."

In this case the wife cared for the youngest child of the parties during the pendency of these proceedings. We consider that to be a significant contribution under the circumstances and hold that the District Court should reconsider its findings with regard to the wife's contribution since separation, and if this is in fact the basis for the 60-40 division, should also reconsider its decision to divide the property in such a manner in light of our holding in Larson.

ADOPTION OF HUSBAND'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appellant also alleges error in the District Court's virtually verbatim adoption of petitioner's findings of fact and conclusions of law. This Court has repeatedly stated its position that findings and conclusions which are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and which are supported by the evidence, i.e., are not "clearly erroneous" in light of the evidence, will

not be overturned simply because the trial court relied upon proposed findings and conclusions submitted by counsel. Parenteau v. Parenteau (Mont. 1983), 664 P.2d 900, 40 St.Rep. 815; Kowis v. Kowis (Mont. 1983), 658 P.2d 1084, 40 St.Rep. 149; In re Marriage of Hunter (Mont. 1982), 639 P.2d 489, 39 St.Rep. 59; In re Marriage of Jensen (Mont. 1981), 631 P.2d 700, 38 St.Rep. 1109. The error here is not in the adoption of the findings but rather in their insufficiency and errors in fact. Consequently, this matter must be remanded.

SALE OF RANCH

Finally, appellant alleges error in the District Court's failure to order the ranch sold. The court's findings numbered 54 and 55 deal with this matter and state:

> "54. . . . If the Petitioner is unable to comply with the above terms, then and in that event the entire marital estate will be sold and the net proceeds after all the marital liabilities are paid shall be divided for the basis of 60% to petitioner, 40% to respondent.

> "55. It is the strong desire of the Court to allow the family ranch operation to continue, although the respondent's presentations and proposals clearly indicate that it is her contention that the ranch is not an economic unit and shall be sold. This court noting the difficult economic times for farmers everywhere cannot in good conscience destroy a family ranching oepration if there is any chance to save it."

We agree with the above findings and hold that the court's ruling against selling the ranch property is affirmed, subject to the District Court's stated conditions.

In summary we affirm the District Court's order that the ranch not be sold, subject to the conditions stated in the findings. However, we find that the District Court abused its discretion in determining the value of the marital

9

estate of the parties. It also erred in failing to provide sufficient findings of fact and conclusions of law to support its judgment dividing the marital estate.

With the exception of the issue regarding the sale of the ranch, the judgment is vacated and remanded for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10