No. 83-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
DANFORD O. VERT,

       Petitioner and Respondent,

  and

PHYLLIS L. VERT,

       Respondent and Appellant.

APPEAL FROM:  The District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable H. William Coder, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert M. Kampfer, Great Falls, Montana

    For Respondent:

        John F. Iwen, Great Falls, Montana

Submitted on Briefs:  February 24, 1984

Decided: May 15, 1984

Filed:  MAY 15 1984

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Phyllis Vert appeals from the division of the marital estate contained in the decree by the District Court, Eighth Judicial District, Cascade County, ordering dissolution of her marriage to Danford Vert. Danford Vert cross-appeals from the District Court's award of attorney fees and costs to Phyllis Vert.

Phyllis and Danford Vert were married on November 15, 1980, and separated six months later. During the course of their marriage, the parties decided to consolidate the two existing mortgages on the residence owned by Phyllis Vert prior to the marriage and both parties' outstanding bills. This was accomplished by refinancing the residence owned by Phyllis Vert. After their separation, the parties orally agreed that Danford Vert would pay Phyllis Vert for his debts that were included in the refinancing and assume some of the debts incurred during the marriage.

A petition for dissolution of the parties' marriage was filed on August 21, 1981. The trial court conducted a hearing on the petition and issued findings of fact, conclusions of law, and a final decree. The court found that Danford Vert had satisfied his obligations to Phyllis Vert save for $20.99. Accordingly, the court ordered Danford Vert to pay Phyllis Vert the balance due her under their oral agreement and further ordered him to pay Phyllis Vert her court costs and attorney fees.

Phyllis Vert raises the following issue on appeal:

Whether the District Court abused its discretion in its division of the marital estate.

Danford Vert cross-appeals and raises a second issue:

Whether the award of court costs and attorney fees to Phyllis Vert is supported by substantial evidence.

Phyllis Vert contends that the District Court abused its discretion in not finding Danford Vert liable for part of the interest incurred through the refinancing.

The standard employed by this Court in reviewing a District Court's distribution of a marital estate is well-settled. The District Court has far-reaching discretion in dividing the marital estate and its judgment will not be altered unless a clear abuse of that discretion is shown. Such an abuse would occur where the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Popp v. Popp (Mont. 1983), 671 P.2d 24, 26, 40 St.Rep. 1747, 1748-49, citing Parenteau v. Parenteau (Mont. 1983), 664 P.2d 900, 904, 40 St.Rep. 815, 821.

It can not be said that the District Court abused its discretion in this case. Prior to the parties' separation, the parties agreed upon an amount which would be accepted as Danford Vert's share of the debts under the refinancing agreement. This amount was satisfied, less $20.99. Danford Vert is not liable for more. The bulk of the refinancing went to the mortgages on Phyllis Vert's residence.

Next, we address Danford Vert's contention that the award of court costs and attorney fees to Phyllis Vert is not supported by substantial evidence.

In Bailey v. Bailey (1979), 184 Mont. 418, 421-22, 603 P.2d 259, 261, this Court set forth as follows the standard of review where attorney fees have been awarded under section 40-4-110, MCA:

- 3 -

"Traditionally, a showing of necessity has been a condition precedent to the exercise of the court's discretion to award attorney fees. Whitman v. Whitman (1974), 164 Mont. 124, 519 P.2d 966. But the lower court's discretion in the matter will not be disturbed if substantial evidence is found in the record to support the award." Kaasa v. Kaasa (1979), 181 Mont. 18, 25, 591 P.2d 1110, 1114.

The record is lacking in this case. The trial court found that Danford Vert's monthly expenses were approximately equal to his monthly income. However, the trial court found that Phyllis Vert "is taking home at least two hundred fifty dollars ($250.00) more per month than she is spending." From this, and the other findings of the District Court, we can not conclude that substantial evidence supports the award of attorney fees and costs to Phyllis Vert.

Based upon the foregoing, we affirm the judgment of the District Court as to the division of the marital estate and we reverse the award of court costs and attorney fees to Phyllis Vert. Costs of appeal are further awarded to Danford Vert.

John C. Sheehy<br>
_____<br>
Justice

We Concur:

Frank I. Haswell
_____
Chief Justice

John Conway Harrison
_____

J. C. Gulbrandson
_____

Daniel J. Shea
_____
Justices

- 4 -