No. 84-59

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF

ALICE BURKART SUMMERFELT,

Petitioner and Appellant,

and

DONALD A. SUMMERFELT,

Respondent and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Skedd, Ashley, McCabe, Weingartner & Graveley;
Charles Graveley, Helena, Montana

For Respondent:

Harlen, Thompson & Parish; Shaun R. Thompson,
Helena, Montana

---

Submitted on Briefs: May 17, 1984

Decided: September 18, 1984

Filed: SEP 18 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from a decree of the District Court of the First Judicial District, Lewis and Clark County, distributing the parties' marital assets. We reverse.

The parties to this action were married on May 11, 1963, at Townsend, Montana. At the time of the marriage, the wife owned a ranch near Townsend (hereinafter referred to as the Townsend ranch) consisting of 3,880 acres which the parties have stipulated was worth $185,000. In addition, the wife had purchased 120 acres of additional ranchland, known as the Cooney property, for $8,000. Also, at the time of the marriage, the wife owned approximately 170 head of various livestock, a 1/3 interest in three rental houses in Billings valued at $7,000, household furniture and crops in storage.

Prior to the marriage, the husband had worked as a heavy equipment operator and at the time of the marriage he was employed as a business manager for the International Union of Operating Engineers at Butte. At the time of the marriage, the husband owned a house in Helena valued at $13,500, subject to a debt of $7,791.07, other vehicles and a trailer collectively valued at $4,900. The District Court found that the husband and wife mutually decided that the husband quit his employment as a business manager for the union and that they would operate the wife's Townsend ranch, although the wife testified that the husband quit his job after the lessee of the ranch surrendered his lease a year early due to a dispute with the husband.

The wife asserts that her net worth at the time of the marriage was $425,618 and the husband's was $12,355.07. Although the husband disagrees with the amount the wife asserts was her net worth, the record clearly indicates the wife brought substantially more property into the marriage than did the husband.

On January 23, 1975, the Townsend ranch was sold under a contract for deed to the wife's daughter and son-in-law, the Henleys, for $100,000 with a life estate reserved for the husband and wife. The wife also reserved the right to run fifty head of cattle on the ranch. The parties also accumulated funds in various bank accounts during the marriage which are not at issue in this appeal.

In 1977, the parties separated when the wife filed a petition for dissolution which was subsequently dismissed. Thereafter, the wife, in an effort towards reconciliation, added the husband as a joint tenant owner of the Cooney property.

On May 16, 1980, the wife petitioned the District Court for a decree of dissolution. At that time the wife was 68 and the husband 60. On November 18, 1982, the District Court determined that the Townsend ranch was not a marital asset but that the value of the contract for deed and the life estate reserved under the contract were marital assets to be distributed. On July 12, 1983, the District Court granted the decree of dissolution and on November 23, 1983, it entered its findings of fact, conclusions of law and decree regarding distribution of the marital assets. In its findings of fact the District Court stated, in pertinent part: that both parties worked hard during the marriage and

-3-

made numerous improvements to the ranch; that the value of the contract for deed was the principal balance owing in the sum of $100,000 and the current value of the parties' life estate was $90,000 for a total of $190,000; the Henley's contract was a sham and void if they could not be required to pay $100,000 immediately or at a very early date; the current market value of the Cooney property was $38,000; that the total marital assets amounted to $358,490.74; that the wife was currently 72 years of age and receiving $229 per month in Social Security; and that the husband was 64 years of age and had little likelihood of securing significant assets for retirement.

In its conclusions of law the District Court distributed the marital assets as follows: the husband received a total of $163,094.24 in assets which included 1/3 of the principal balance remaining on the contract for deed ($33,330), the Summerfelt house in Helena ($43,000), the Cooney property ($38,300), twenty-five cows with calves ($13,750) and several other assets that were added to the husband's total award. The wife received a total of $196,406.50 in assets which included the life estate reserved under the contract for deed ($90,000), 2/3 of the principal balance remaining on the contract for deed ($66,670), 1/2 of all bank accounts ($16,309.50), and the wife's personal property excluding cattle ($22,017).

From the decree of the District Court distributing the marital assets the wife appeals, raising four issues:

(1) Whether the District Court erred in its determination of "total marital assets" because it failed to accept present day net values on the contract for sale of

-4-

the ranch and on the reserved life estate.

(2) Whether the District Court erred in its wholesale adoption of the husband's proposed findings and conclusions.

(3) Whether the award to the wife was inadequate in light of the financial condition of each of the parties at the outset of the marriage.

(4) Whether the District Court erred in failing to recognize the property inherited by the wife as her seperate property.

Initially, we note that the well-established rule in Montana is:

> "The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantial inequitable division of the marital assets resulting in substantial injustices." In re the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361.

In the present case, the distribution of the marital assets by the District Court resulted in substantial injustices to the wife. In Glasser v. Glasser (Mont. 1983), 669 P.2d 685, 40 St.Rep. 1518, this Court stated: "In Kis, supra, we stated that, '[p]resent value is the "proper test" for determination of marital interest.'" Similarly, in Popp v. Popp (Mont. 1983), 671 P.2d 24, 40 St. Rep. 1747, this Court said:

> "It is also clear from a thorough review of the file on this matter that the court valued some assets at their depreciated value as listed on the parties income tax returns instead of their fair market value. Yet there is no finding stating that the depreciated value is equal to fair market value of certain items of equipment. Without such a finding we hold that the District Court's decision was 'clearly erroneous.'"

Here, the District Court erred in its determination of

-5-

marital assets to be distributed because it accepted the balance remaining due on the real estate contract for sale of the ranch, rather than discounting it to its present fair market value, and it erred in setting the value on the life estate reserved to the wife. The contract for sale of the ranch required the buyers to pay the interest on a yearly basis and allowed them to retire the principal amount as they were able to do so. The ranch contract contained no language allowing the seller to demand full payment of the principal balance owing at anytime she desired. It is elementary that the present day fair market value of a contract for deed, rarely, if ever, equals the principal balance due thereon. Although the husband asserts the parties stipulated to the present day value of the contract for deed in a pretrial order, that contention is without merit. The pretrial order indicates the husband and wife only agreed that $100,000 was the principal balance remaining on the contract for deed. In short, the District Court did not properly determine the present market value of the contract for deed.

Similarly, the District Court erred in its valuation of the life estate reserved by the wife. At trial, an expert testified the present day market value of the life estate to be thirty percent of the stated amount of the life estate. Thirty percent amounted to a $57,493.80 valuation of the life estate. However, the District Court, without explanation, assigned a value of $90,000 to the life estate. In, In re Marriage of Wolfe (Mont. 1983), 659 P.2d 259, 40 St.Rep. 211, this Court stated: "Where there are widely conflicting valuations between different appraisers, the

District Court shall give reasons why one value is selected over others."

Moreover, the award to the wife was inadequate in light of the financial condition of each of the parties at the outset of the marriage. Although the District Court did not determine the financial condition of the parties at the outset of the marriage, the record clearly indicates the wife brought substantially more net worth into the marriage than did the husband. The wife asserts her net worth at the time of the marriage was $425,618 and the husband's was, at the most, $12,355.07. We held in In re Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97, that the source of the property was a major factor to be considered by the District Court dividing property under section 40-4-202, MCA. See also, In re Marriage of Myers (Mont. 1984), ____ P.2d ____, 41 St.Rep. 990. In this case, the amount the District Court awarded the husband was an abuse of discretion when considered in light of the parties' financial condition at the outset of the marriage.

Since the issues discussed above are dispositive of this appeal, we need not consider the other issues raised by the wife.

Reversed and remanded for a new trial on the issue of division of marital assets.

_____
                                    Justice

We concur:

_____

-7-

_John A. Sterling_

_Daniel J. Shea_

_____
Justices


Mr. Justice Frank B. Morrison, Jr., dissents and will file a
written dissent later.