No. 87-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
KENNETH JONES,

         Petitioner and Appellant,

   and

RITA ANN "GOBERT" JONES,

      Respondent and Respondent.

_____

APPEAL FROM:  The District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Byron W. Boggs, Missoula, Montana

    For Respondent:

        Robert Skelton; Skelton & Cooley, Missoula, Montana

_____

Submitted on Briefs:  Aug. 6, 1987

Decided:  November 5, 1987

Filed:  NOV 5 - 1987

_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Kenneth Jones appeals from the final judgment entered in the District Court of the Fourth Judicial District, Missoula County, dividing property of the marital estate between the parties. We affirm.

The following issues are raised:

1. Did the District Court err by including the lump sum Workers' Compensation awards received by the husband in the marital estate?

2. Did the District Court err in finding the husband's Workers' Compensation awards to have been co-mingled?

3. Did the District Court err by awarding to the wife certain monies of the marital estate twice?

4. Did the District Court abuse its discretion in not allowing the husband credit for the money spent for his son's legal expenses?

5. Did the District Court abuse its discretion in granting the wife cash in lieu of her personalty?

6. Did the District Court abuse its discretion in not allowing the husband credit for the money he expended for the wife's benefit after the separation?

The record of this case and the findings of fact made by the District Court disclose the following pertinent information: Kenneth and Rita Jones were married in 1958. The parties dissolved their marriage on June 15, 1985. On September 22, 1986, the matter of property division was addressed by the court.

During the marriage, the wife worked as a homemaker and mother and was at times employed outside of the home. She contributed her wages to pay family expenses and also

contributed her labor on the small farm the parties purchased in 1971 in the State of Washington.

In 1978, the husband was injured in an industrial accident. Since his injury, he has been receiving temporary total disability benefits through FELA in the sum of $1,850 per month. He netted $18,000 from a third party claim arising out of the disabling accident. The monthly FELA payments as well as the third party claim proceeds were deposited when collected in the couples' joint checking and savings accounts in the Toppinish Branch of the Seattle-First National Bank.

In May, 1981, the wife and her minor daughter left the family home in Washington and came to Montana. The husband testified at this time the couples' savings account had approximately $20,000 in it. He continued to operate and make payments on the farm and the family home.

In 1984, the husband, with a power of attorney from the wife, sold the couples' real property. The net amount received for the property was $60,048. At the present time, the wife has not received any of the proceeds from the sale of the home.

The District Court held the marital estate consisted of $20,000 cash savings (1981), personal property worth $19,148 and net proceeds from the sale of the family home in the amount of $60,048, the total value of the estate being $99,196. The District Court further held that the wife was entitled to one-half that amount being $49,598 less the value of the car in the wife's possession or $43,598.

As the District Court correctly noted, the husband contributed his benefits as well as the proceeds from his third party claim to the marital estate. The husband asserts that such funds are exempt from inclusion when determining the value of the marital estate. We do not agree with this

- 3 -

assertion. The facts clearly demonstrate that the money in question was properly found to be part of the marital estate. The husband placed these monies in the couples' joint account. Once the funds were placed in the joint account, the wife had an equal interest in and an equal right to those funds. See Casagranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286. Further, in utilizing the FELA funds to diminish the debt on the family residence, the husband unequivocally placed the funds in the marital estate.

Husband further contends that the FELA benefits which he received were not commingled with other marital property and therefore not includable in the marital estate. We find the contrary to be true. As previously stated, the husband deposited these monies in the couple's joint account where the funds were mingled with other funds of the marital estate.

We will now address issues 3, 4 and 5. The husband alleges that the District Court abused its discretion in: awarding the wife certain monies of the marital estate twice; not crediting the husband for money spent for his son's legal expenses; and, granting the wife cash in lieu of her personalty. We disagree.

Section 40-4-202(1), MCA, controls the division of property in a dissolution proceeding, it provides in pertinent part:

> 40-4-202. _Division of property._ (1) In a proceeding for dissolution of a marriage, legal separation, or division of property following a decree of dissolution of marriage or legal separation by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to divide the property, the court, without regard to marital misconduct, shall, and in a proceeding for legal separation may, finally _equitably_ apportion between the parties the _property and assets belonging to either or both,_

> however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit . . .
> (Emphasis added.)

The District Court awarded the wife half of the money from the couples' joint bank account at the time she left her husband in 1981 and half of the net proceeds from the 1981 sale of the couple's family home.

The husband has failed to show the District Court was clearly erroneous concerning the division of the property comprising the marital estate. Rule 52(a), M.R.Civ.P. The husband in his brief seems to imply that in order for this Court to uphold the judgment of the District Court, we must find that the marital estate was divided equally between the two parties. This is not true. Disposition of property in a dissolution need not be equal but it must be equitable. Section 40-4-202, MCA. Appellant has made no showing to this Court that the disposition of the property of the marital estate was done in anything but an equitable fashion.

In Re Marriage of Summerfelt (Mont. 1984), 688 P.2d 8, 41 St.Rep. 1775, this Court reiterated the well-settled rule that

> The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantial inequitable division of the marital assets resulting in substantial injustices. In Re

the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361.

See also In Re Marriage of Snyder (Mont. 1986), 714 P.2d 556, 43 St.Rep. 346; Marriage of McCormack (Mont. 1986), 726 P.2d 319, 43 St.Rep. 1833; Hurley v. Hurley (Mont. 1986), 721 P.2d 1279, 43 St.Rep. 1271; In Re Marriage of Garst (Mont. 1983), 669 P.2d 1063, 40 St.Rep. 1526. The husband asserts error on the part of the District Court in failing to credit him for monies expended for legal expenses on behalf of his son. The record shows that the money used to pay the legal fees incurred by the son came from the couples' joint account and as such came from the parties marital estate. The evidence further reveals that the wife contributed her own funds toward the son's legal expenses.

Lastly, husband contends that the District Court abused its discretion in not allowing the husband credit for monies he expended for the benefit of his wife after the separation. We disagree. When determining and distributing the marital estate, monies expended for the living expenses of the wife need not be credited to the husband. Burleigh v. Burleigh (1982), 200 Mont. 1, 650 P.2d 753; In Re Marriage of Caprice (1978), 178 Mont. 455, 585 P.2d 641.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices