No. 88-423

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
ROYCE A. BOS,

        Plaintiff and Respondent,

  and

JERAL L. BOS,

        Defendant and Appellant.


APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Hash, O'Brien & Barlett; C. Mark Hash, Kalispell,
Montana

    For Respondent:

        Royce  A. O'Brien, pro se, Tacoma, Washington


Submitted on Briefs:  June 16, 1989

Decided:  July 24, 1989

Filed:

_____
/Clerk

Mr. Justice William F. Hunt, Sr. delivered the Opinion of the Court.

Jeral L. Bos (husband) appeals from the distribution mandated in the dissolution of marriage decree entered by the District Court of the Eleventh Judicial District, Flathead County. We affirm.

The issue raised on appeal is whether the District Court properly distributed the marital estate when it considered a lump sum Workers' Compensation disability award.

Royce (wife) and Jeral (husband) Bos were married on October 27, 1973. On February 13, 1986, wife filed a petition for dissolution of the marriage and for the equitable distribution of the marital estate. A hearing on the matter was held on June 2, 1987. On February 18, 1988, the District Court entered its findings of fact and conclusions of law and decree dissolving the marriage and dividing the marital property. The findings of fact and conclusions of law were twice amended.

When dividing the marital property, the District Court considered several facts pursuant to § 40-4-202, MCA. Among the facts considered was a lump sum Workers' Compensation award paid to husband which is the subject of this appeal.

On January 9, 1978, husband was injured while working as a carpenter in Whitefish, Montana. On December 26, 1985, the Workers' Compensation Division approved a final settlement that resulted in a net award of $35,219.59. From that amount, husband paid $26,039.55 in marital obligations and the remainder on living expenses.

Upon distribution of the marital estate wife received property with a net value of $24,608.25 and husband received property with a net value of $24,037.69. Husband argues that the District Court erred in the distribution because the

marital estate would have had a lesser net value had husband's Workers' Compensation award not been applied to reduce marital debts. We disagree.

In In re the Marriage of Jones (Mont. 1987), 745 P.2d 350, 44 St.Rep. 1834, we held that where a lump sum Workers' Compensation award of husband was commingled in a marital account and later used to reduce marital debts, such was includable in the marital estate. Further, we upheld the District Court's determination that wife was entitled to one-half of the marital estate notwithstanding the reduction of marital debts by application of husband's benefits.

In the present case, as in Jones, husband received a Workers' Compensation award in which the funds were used to reduce marital debts. In applying the funds to reduce the marital debt, husband placed the funds in the marital estate thus, commingling the funds.

Where the District Court based its distribution of marital assets on substantial credible evidence, it will not be overturned absent a clear abuse of discretion. In re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 767, 45 St.Rep. 850, 852. In light of our holding in Jones, there was no abuse of discretion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

- 3 -

_John Conway Harrison_

_[signature]_

_R. C. Gulbrandson_
_____
Justices