No. 89-429

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
KENNETH JONES,

            Petitioner and Appellant,
     and

RITA MARIA "GOBERT" JONES,

            Respondent and Cross-Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Arthur D. Agnellino, Missoula, Montana

        For Respondent:

        Paul Neal Cooley, Missoula, Montana

Submitted on Briefs:  Dec. 21, 1989

Decided:  March 19, 1990

Filed:

_____
                      Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Kenneth Jones, petitioner, appeals from the June 13, 1989 decision by the District Court of the Fourth Judicial District, Missoula County, finding that he must pay maintenance to Rita Ann Gobert Jones, respondent, in the amount of $500 per month commencing June 1989 and ending May 1991; $300 per month through May 1991 for the $8,000 in unpaid child support and maintenance; and $500 per month commencing in June 1991 until the unpaid child support and maintenance are paid off. Respondent cross-appeals, arguing that the District Court erred by failing to grant respondent's trial motions; by modifying the original maintenance order dated July 21, 1988; and by incorrectly determining the amount of unpaid child support and maintenance. Affirmed and remanded for proceedings consistent with this opinion.

The essential issue raised by petitioner on appeal is whether the District Court abused its discretion by denying petitioner's motion to modify the court's July 21, 1988 order awarding spousal maintenance to respondent.

On cross-appeal, respondent raises the following issues:

1. whether the District Court erred by failing to grant respondent's trial motions;

2. whether the District Court erred in not granting respondent's motion to dismiss petitioner's motion for modification of spousal maintenance; and

3. whether the District Court erred in setting forth the

2

amount of unpaid maintenance and child support as $8,000.

Kenneth and Rita Jones were married approximately twenty-seven years before they dissolved their marriage on January 15, 1985. The decree of dissolution reserved all other issues, including the property disposition, until a subsequent date. On December 5, 1986, the court issued its findings of fact, conclusions of law and judgment. In its conclusions of law, the District Court concluded that the parties have joint custody of the minor child, with Rita as the custodial parent; that Kenneth have reasonable visitation rights; and that Kenneth continue to pay $150 per month in child support and pay for all necessary health costs for the child. The court also divided the marital property and awarded Rita one-half of this property for the sum of $43,594. The property division was a money judgment against Kenneth and the court ordered that the parties sign all necessary documents to accomplish this division of property.

Kenneth subsequently appealed the December 5, 1986 property settlement order to this Court. This Court affirmed the District Court in its opinion of In re Marriage of Jones (1987), 229 Mont. 128, 745 P.2d 350. Kenneth then filed a petition for chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Montana on April 29, 1988. Kenneth listed Rita and the amount of her December 5, 1986 property settlement of $43,594 as a dischargeable debt.

In light of Kenneth's petition for chapter 7 bankruptcy relief, Rita filed a motion for spousal maintenance with the

3

District Court on June 14, 1988. On July 21, 1988, after the bankruptcy court had terminated the automatic stay, the District Court issued an order granting temporary maintenance to Rita in the amount of $650 per month until November 12, 1988, at which time the court noted that child support would cease as a result of the child reaching age eighteen. The court then found that Kenneth would be able to afford $800 per month in maintenance beginning in December 1988. The court also found Kenneth in contempt on January 24, 1989 and March 24, 1989 for failing to pay the court ordered maintenance and child support payments.

On May 22, 1989, Kenneth filed a motion for modification of spousal maintenance after the bankruptcy court discharged Rita's $43,594 property judgment. The District Court entered an order dated June 13, 1989, finding in pertinent part that Kenneth owed $8,000 in unpaid child support and maintenance as of June 1989; that Rita was entitled to $500 per month in maintenance commencing June 1989 and ending May 1991; that Kenneth must pay the $8,000 arrears at the rate of $300 per month until June 1991 and thereafter at the rate of $500 per month until the remaining balance of the arrears is paid in full; and that failure to pay the ordered amounts may result in Kenneth once again being cited for contempt. Kenneth appeals and Rita cross-appeals from this June 13, 1989 order.

The essential issue raised on appeal is whether the District Court abused its discretion by denying Kenneth's motion to modify the court's July 21, 1988 order awarding spousal maintenance to

Rita.

On appeal, this Court must determine whether the District Court abused its discretion by issuing its modification order dated June 13, 1989. We will not disturb a district court's order when it is based on substantial credible evidence and no abuse of discretion is shown. In re Marriage of Cole (Mont. 1988), 763 P.2d 39, 41, 45 St.Rep. 1965, 1967-68; In re Marriage of Loegering (1984), 212 Mont. 499, 510, 689 P.2d 260, 266.

In its findings of fact, the District Court found in pertinent part that Rita had been receiving $337.35 a month since June 1988 for her one-half interest in the Washington real estate contract and that this amount was not part of the bankruptcy estate, but was considered at the time of the 1986 decree as part of the marital estate to be awarded to Kenneth if he paid the December 5, 1986 property judgment; that Rita had received $4,048.20 from the Washington real estate contract, which was used to defray her attorney fees; that Rita still had a balance of over $6,000 in attorney fees to pay; that the December 5, 1986 property judgment was discharged in bankruptcy, leaving Rita with approximately $24,650.90 less administrative expenses and no assurances as to when and how she would receive this money; that Kenneth asserted no new facts besides the payments to Rita from the bankruptcy court to justify a modification of maintenance; and that assuming Kenneth paid the $43,594 due and owing and also assuming a ten percent interest rate, Rita would now have the benefit of approximately $54,492 in the bank and would also receive approximately $5,449.92

5

per year interest or $454 per month indefinitely on this amount. The court also found, however, that under the present status she will receive only $674 per month until 1994, less any administrative expenses, and she will not have the benefit of any money in the bank. On the other hand, the court found that Kenneth had a monthly income of $1,910, a late model car, and $20,000 equity in a ten acre parcel and homesite near Florence, Montana. The court concluded that it had originally awarded an uneven amount of property in lieu of maintenance, but that the original justification for not awarding maintenance is no longer present; that the award of maintenance is appropriate in light of the parties unequal future earning power; that the prospects for re-educating Rita and/or job possibilities in her present capacity is limited and her ability to earn surplus income is unlikely. The court then incorporated its July 21, 1988 findings of fact and conclusions of law into the order and determined that maintenance was equitably required in the amount of $500 per month for twenty-four months; and that the $8,000 arrearage shall be paid at the rate of $300 per month until June 1991 when Kenneth shall then pay Rita $500 per month until the remaining balance of the arrearage is paid in full.

In light of the above, we hold that the District Court did not abuse its discretion in awarding Rita maintenance. Substantial credible evidence exists to support the District Court's order.

Kenneth nonetheless sets forth "arguments" that he was penalized by the District Court for using proper bankruptcy

6

procedures in discharging his original debt of $43,594 to Rita and that the District Court erred in evaluating the amount of assets available to Rita from the bankruptcy estate and therefore ordered an excessive maintenance award. We find no merit in either of these arguments. Furthermore, we find ludicrous Kenneth's argument that he had "fixed expenses of approximately $1,900 long before he had any obligation to pay maintenance to [Rita]." Kenneth cites his marriage to his current wife, his subsequent purchase of his $85,000 farm house, and the subsequent birth of his two children by his current wife and her child by a previous marriage as events that took place "years before the July 21, 1988 maintenance order was entered." Merely because the final order regarding the property disposition and Rita's entitlement to maintenance was not issued until June 13, 1989, does not lessen Kenneth's existing obligation to his former wife and family. After nearly twenty-seven years of marriage, Kenneth's obligation to Rita and their children existed "long before" his obligation to his current wife and their children and her child by a previous marriage. Kenneth has possibly taken on more than he can afford by purchasing an $85,000 home and a late model car, and by remarrying and having more children. However, since his obligation to his first wife and children existed long before his obligation to his subsequent wife and children, Kenneth will not be allowed to shun these first obligations by merely acquiring new obligations.

The District Court did not overlook Kenneth's newly acquired obligations, but properly considered the new obligations in light

7

of his original obligations and awarded maintenance accordingly. Contrary to what Kenneth asserts, the court properly followed § 40-4-203, MCA, which sets out the standards and factors that the court must consider when awarding maintenance.

The first issue Rita raises on cross-appeal is whether the District Court erred by failing to grant her trial motions.

The District Court issued an order on July 21, 1988, granting Rita $650 per month in maintenance and $150 per month in child support through November, 1988, at which time the minor child would have reached the age of eighteen. The court also ordered that commencing in December 1988, Kenneth pay $800 per month in maintenance. The order then stated that

> Upon receiving notice from either party that the Bankruptcy Court has made a final finding with regards to [Rita's] judgment, the Court will consider reduction or elimination of maintenance due to recovery of [Rita's] debt in whole or in part. Otherwise, maintenance will continue until further order of the Court.

The bankruptcy court subsequently issued a judgment and Kenneth then filed a motion for modification of spousal maintenance with the District Court.

On June 6, 1989, a hearing was held before the District Court regarding Kenneth's motion for modification of spousal maintenance. On cross-appeal, Rita apparently argues that she made a motion in limine in conformance with § 40-4-208(2)(b)(i), MCA. The record, however, reveals that Rita objected to Kenneth addressing anything other than evidence that would show a substantial change of circumstances that would permit the court to consider Kenneth's

8

motion for modification of spousal maintenance. The court overruled the objection.

In light of the court's statement in its July 21, 1988 order, the order was temporary in nature. Under these circumstances, the court was not required to limit the hearing to evidence pertaining only to proving that a substantial change of circumstances occurred. Kenneth had already established the District Court's requirement of sending notice to the District Court that the bankruptcy court had made a final finding regarding his petition for chapter 7 bankruptcy relief. The District Court therefore was entitled to hear all of the relevant testimony regarding maintenance so as to determine whether Rita was entitled to maintenance and if so, the proper amount. The District Court properly overruled Rita's objection.

Rita also argues under this issue that the District Court erred by denying Rita's motion to dismiss Kenneth's motion for modification of spousal maintenance because he failed to provide evidence. Contrary to what Rita asserts and as stated above, the District Court properly heard all relevant evidence before it determined, in light of the factors set forth in § 40-4-204, MCA, that Rita was entitled to spousal maintenance and the amount thereof. The court therefore did not err by not granting Rita's motion and by determining that Rita was entitled to $500 per month in maintenance from June 1989 through May 1991.

The second issue Rita raises on appeal is whether the District Court erred in not granting Rita's motion to dismiss Kenneth's

9

motion for modification of spousal maintenance.

Rita argues that the July 21, 1988 order is unassailable because of the lapse of time for an appeal. The District Court clearly indicated in its July 21, 1988 order that it was a temporary order and subject to revision upon a final judgment from the bankruptcy court. Upon receiving a final judgment from the bankruptcy court, Kenneth properly filed a motion for modification of spousal maintenance pursuant to § 40-4-208, MCA, on May 22, 1989. As stated above, the court then properly considered all relevant evidence and modified the maintenance accordingly in its June 13, 1989 order. The District Court therefore did not err in denying Rita's motion to dismiss Kenneth's motion for modification of spousal maintenance.

The last issue raised on appeal by Rita is whether the District Court erred in setting forth the amount of unpaid maintenance and child support as $8,000.

Rita argues that Kenneth owes $9,818.33 in arrearage plus legal interest. Upon reviewing the record, we find evidence supporting the conclusion that Kenneth currently owes $9,840.06 in unpaid child support and maintenance. In particular, the record supports the following amounts of unpaid child support and maintenance:

| | |
|---|---|
| Pre-June 13, 1988 child support arrearage: | $2,250.00 |
| June 1988 maintenance: ($650/month x 18 days) | $390.06 |

| | |
|---|---|
| July 1988 to November 1988 maintenance: ($650/month x 5 months) | $3,250.00 |
| July 1988 to November 1988 child support: ($150/month x 5 months) | $750.00 |
| December 1988 to May 1989 maintenance: ($800/month x 6 months) | $4,800.00 |
| | $11,440.06 |

The court granted Kenneth $1,600 credit which would leave a balance of $9,840.06 in arrears plus legal interest. The amount in dispute is apparently the $2,250 in the pre-June 13, 1988 unpaid child support. However, considering the absence of sufficient findings of fact on this issue, we must remand the case to the District Court to determine the proper amount of unpaid child support and maintenance.

Rita also contends that she is entitled to damages and attorney fees in light of Rule 32, M.R.App.P. Rule 32, M.R.App.P. provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

When a reasonable ground for an appeal exists, a respondent is not entitled to recover damages under Rule 32, M.R.App.P. Searight v. Cimino (Mont. 1988), 748 P.2d 948, 952, 45 St.Rep. 46, 52; Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59. In the present case, the question of whether the District Court

abused its discretion by denying Kenneth's motion for modification of spousal maintenance was reasonably in issue. In addition, Rita also contends that under Rule 11, M.R.Civ.P., she is entitled to her attorney fees and costs. We find no basis for Rita asserting this issue on appeal.

Affirmed and remanded for proceedings to determine the proper amount of unpaid child support and maintenance.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12