No. 91-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

IN RE THE MARRIAGE OF KENNETH JONES, Petitioner,

and

RITA ANN "GOBERT" JONES, Respondent,

-vs-

STEVEN G. POINDEXTER and INSURED TITLES, INC.,
a Montana corporation,

Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

John K. Tabaracci; Sullivan and Tabaracci, Missoula,
Montana


For Respondent:

Paul Neal Cooley; Skelton and Cooley, Missoula,
Montana
Kenneth Jones, Pro Se, Kamia, Idaho

---

Submitted: April 21, 1992

Decided: June 9, 1992

FILED

JUN -9 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Steven Poindexter and Insured Titles, Inc., appeal an order of the District Court for the Fourth Judicial District, Missoula County, allowing Rita Ann "Gobert" Jones to execute judgment liens on certain real property in Florence, Montana. The property was sold to Poindexter by Kenneth Jones, Rita's former husband, and his second wife and their daughters. We reverse.

We restate the issue as whether the order entered by the District Court relates to property sold to Poindexter by Ken Jones and is based on judgment liens existing when Poindexter purchased the property.

Since the marriage of Rita and Ken Jones was dissolved in January 1985, Ken has been held in contempt of court several times for refusing to pay maintenance and child support. He unsuccessfully challenged the original property settlement. In re Marriage of Jones (1987), 229 Mont. 128, 745 P.2d 350.

Ken purchased real property located in Florence, Montana, in 1986. In May 1987, he executed a declaration of homestead on the property pursuant to § 70-32-105, MCA. In July 1987, he conveyed the property by quitclaim deed to himself (1/2), his second wife (1/6), and their two daughters (1/6 each), as tenants in common. His second wife filed a declaration of homestead in January 1988.

Also in 1988, Ken filed for bankruptcy. As a result of that filing, in July 1988 a dissolution decree property settlement

2

provision that he pay certain sums to Rita was redesignated as a maintenance obligation. Ken unsuccessfully appealed a subsequent order that he pay Rita maintenance and back child support. In re Marriage of Jones (1990), 242 Mont. 119, 788 P.2d 1351. While that appeal was pending, on January 5, 1990, Ken and his second wife (acting for herself and as guardian for their daughters) conveyed their Florence, Montana property to Poindexter. Insured Titles acted as the title company.

Rita states that she did not know of the sale of the Florence, Montana property until after it occurred. She was able to execute upon $15,735.53, or half, of the proceeds of the sale, which Insured Titles withheld from Ken for the purpose of paying Rita's past-due maintenance and child support. Execution on those proceeds is not a subject of this appeal. This left $2,113.53 due on the underlying judgment.

On July 11, 1990, Rita moved for an order of sale of the Florence, Montana property so that she could recover the maintenance remaining due her on the judgments upon which the earlier execution was had and attorney fees she was awarded under a January 24, 1989 order. The District Court ordered Poindexter and Insured Titles to show cause why Rita should not be allowed to execute upon the property.

After a hearing, the court determined that Ken's homestead exemption was abandoned when he sold his interest in the property

3

to Poindexter. It reasoned that because Rita's judgment liens had never been removed or extinguished, those liens attached and encumbered the property at the time the homestead exemption was abandoned and thus the property was conveyed to Poindexter subject to the liens and to the court's execution order. In June 1991, the court ordered that Rita may execute on the property in the amount of $8,749.02 plus interest. This included $2,113.53 remaining due from the earlier execution, plus interest on that amount; maintenance from May to September 1990 plus interest (those past-due payments having been reduced to a judgment in October 1990); and past-due maintenance from October 1990 to May 1991. The court stated that the attorney fees awarded under the January 24, 1989 order had not attached to the property.

Rita has already executed on Ken's half of the proceeds of the sale of the Florence property. Prior to the entry of any of the judgments upon which execution is sought, Ken conveyed a total of half of his interest in that property to his second wife and two daughters. As indicated in the order from which appeal is taken, Poindexter purchased the property from the four tenants in common. Absent a setting aside of the conveyances from Ken to his second wife and daughters, we conclude that judgment liens against Ken's property would not support an execution against the interests of the second wife and daughters and therefore do not support

4

execution against the interest Poindexter purchased from the second wife and daughters.

There is another problem with allowing sale of the property for execution on the District Court judgments for maintenance due from May to September 1990 and from October 1990 to May 1991. Those maintenance payments became due and judgments were entered *after* Ken sold the real property in Florence to Poindexter. Under § 70-21-306, MCA, a purchaser takes property subject to *prior* judgments filed and recorded as provided in § 7-4-2613, MCA. However, no authority has been cited that a purchaser takes property subject to *subsequent* judgments against the seller. We conclude that execution may not be had upon the Florence property for judgments entered against Ken after Poindexter purchased the property.

Because of our resolution of this restated issue, we do not reach the other issues raised.

Reversed.

_____
Chief Justice

We concur:

_John Conway Harrison_

_Karla M. Gray_

_Jim Nelson_

_William E. Hunt Sr._

_R. C. McDonough_

_Terry N. Trieweiler_
Justices

June 9, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

John K. Tabaracci
SULLIVAN & TABARACCI
430 Ryman
Missoula, MT 59802

Paul Neal Cooley
SKELTON & COOLEY
101 East Main
Missoula, MT 59802

KENNETH JONES
P.O. Box 1319
Kamia, ID 83536

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy